## Rhodes v. Graham et al.

(Decided March 27, 1931.)

226

C. C. GRASSHAM and ROY GARRISON for appellant.

R. L. MYRE and BEN S. ADAMS for appellees.

OPINION. OF THE COURT BY JUDGE REES—Reversing.

The appellant, C. H. Rhodes, who was the plaintiff below, brought this action against the appellees, seven in number, to recover damages for the alleged acts of appellees in tapping the telephone wire running into appellant's home. The material portion of the petition reads as follows:

> "Within twelve months last past and very recently, all within a few weeks last past and for a long continuous period of time the defendants, Robert Graham, Herman Graham, Lalia Graham, Ewing Graham, Mrs. May Ligon, Mrs. Bessie Mason, and Herman Graham, Jr., each and all jointly and severally, one with another, and in concert, concurrence and co-operation, each with the other and all together, wrongfully and illegally and without right or authority trespassed upon and tapped the telephone wire and other appliances of the telephone company employed and in use by plaintiff for hire and compensation in which he had a valuable property right, leading from its main line to the residence and home of plaintiff, and in violation of plaintiff's rights wrongfully and illegally obstructed the use and service thereof to plaintiff and his family, and interfered with and prevented its free and full use by them, by connecting same with Herman Graham's residence, whereat each and all of the defendants reside, and then resided. Defendants and each and all of them connected plaintiff's telephone

line and telephone with the telephone of one of the defendants, viz., Herman Graham, with the knowledge, consent and co-operation by separate and independent wires of approximately two hundred and fifty feet in length and so applied and attached same in order to listen in on the privacy of plaintiff's home and phone and conversations had thereon, and each and all of them, and others authorized by them to so do, did listen thereto, and thereby invaded the privacy of all telephone conversations carried on by members of plaintiff's family, and of his home, and of plaintiff and his guests in his home, all without his knowledge or consent.

"Defendants employed a stenographer, Mrs. Bessie Mason, to listen in and transcribe same from shorthand notes of such conversations and she did so; and each and all of said defendants for and during said time wrongfully, unlawfully, willfully and maliciously trespassed upon and injured and obstructed the telephone line, conversations thereon, the post and wire and the materials and other appliances and property belonging to and attached to same, leased, employed and in use by plaintiff, and wrongfully, willfully and maliciously and without right or authority thereby trespassed upon the property of plaintiff, and invaded the privacy of plaintiff's family and home, and in so doing have caused to plaintiff great humiliation, mortification and mental anguish, and by reason thereof, he has thereby suffered and does yet suffer therefrom, all to his damage and injury, in the sum of Five Thousand ($5,000.00) Dollars."

An amended petition was filed in which the contract between appellant and the telephone company was set out. The lower court sustained a demurrer to the petition as amended, and the plaintiff having declined to plead further, his petition and amended petition were dismissed. He appeals.

The gist of appellant's complaint is that his right of privacy has been violated by appellees to his damage. He also seeks to make the action one of trespass vi et armis and alleges that he had a property right in the telephone wire and equipment which was trespassed upon by appellees.

There is much conflict in the authorities as to whether or not an unwarranted invasion of the right of privacy may be made the subject of an action in tort where no property or contractual right is involved. This court has adopted the rule that an unwarranted invasion of the right of privacy constitutes a legal injuria for which redress will be granted. Douglas v. Stokes, 149 Ky. 506, 149 S. W. 849, 42 L. R. A. (N. S.) 386, Ann. Cas. 1914B, 374; Brents v. Morgan, 221 Ky. 765, 299 S. W. 967, 971, 55 A. L. R. 964. In Jones v. Herald Post Co., 230 Ky. 227, 18 S. W. (2d) 972, the "right of privacy" was defined as "the right to live one's life in seclusion, without being subjected to unwarranted and undesired publicity. In short, it is the right to be let alone." In Brents v. Morgan, supra, after quoting the following from 21 R. C. L. p. 1200, "The violation of the right of privacy is a tort and the injured person is entitled to recover damages," the court said: "He is entitled to recover substantial damages, although the only damages suffered by him resulted from mental anguish. The fact that the damages cannot be measured by a pecuniary standard is not a bar to his recovery." A person is entitled to the privacy of his home as against the unwarranted invasion of others, and a violation thereof will give rise to an action. It is the legal right of every man to enjoy social and business relations with his friends, neighbors, and acquaintances, and he is entitled to converse with them without molestation by intruders.

In an article entitled "The Right to Privacy," published in the Fourth Harvard Law Review, p. 193, after describing the gradual growth of the common law to meet the changing demands of society, the authors said:

"Recent inventions and business methods call attention to the next step which must be taken for the protection of the person, and for securing to the individual what Judge Cooley calls the right 'to be let alone.' Instantaneous photographs and newspaper enterprise have invaded the sacred precinicts of private and domestic life; and numerous mechanical devices threaten to make good the prediction that 'what is whispered in the closet shall be proclaimed from the house tops.' "

The evil incident to the invasion of the privacy of the telephone is as great as that occasioned by unwar-

ranted publicity in newspapers and by other means of a man's private affairs for which courts have granted the injured person redress. Whenever a telephone line is tapped the privacy of those talking over the line is invaded and conversations, wholly proper and confidential, may be overheard. Wire tapping is akin to eavesdropping, which was an indictable offense at common law, and while it has not been made a punishable offense by statute in this state, we conclude that the facts alleged in the petition in this case constitute a wrong done to appellant for which the law affords a remedy by an action for damages.

Wherefore the judgment is reversed, with directions to overrule the demurrer to the petition as amended.

The whole court sitting.