Kelsey MARTIN, Norwalk, Connecticut, Plaintiff,

v.

ALLIED INTERNATIONAL, Inc., 230 Park Avenue, New York, N. Y.; and Allen L. Patterson, New York, N. Y.; and John F. Wallace, Whitestone, New York, Individually and Jointly, Defendants.

United States District Court
S. D. New York.
Aug. 13, 1954.
Supplemental Opinion Sept. 1, 1954.

Paul S. Bolger, Robert M. Anstett, John W. Boyd, Westport, Conn., of counsel, for plaintiff.

Joseph Feinstein, New York City, for defendants.

DAWSON, District Judge.

This is a motion for summary judgment, under Rule 56 of the Rules of Civil Procedure, seeking an order granting summary judgment, in defendants' favor, on the first and second causes of action in plaintiff's complaint on the ground that there is no genuine issue as to the material facts.

The first and second causes of action set forth in the complaint allege that the plaintiff and defendants entered into contracts, pursuant to which plaintiff was to work for defendants in the "Allied Engineering Division" of the defendant corporation as its General Manager; and that in consideration of such work, the defendants would pay to the plaintiff a certain weekly compensation and a certain percentage of the net profits, before taxes, of the corporate defendant. The two causes of action relate to two separate periods involved under those contracts. The first cause of action relates to a period from December 1, 1952 and ending May 31, 1953. The second cause of action relates to a period commencing June 1, 1953 and ending November 30, 1953. The plaintiff alleges in these causes of action that the defendants have failed to pay the amounts which properly represent the percentage of profits, before taxes, due him under these contracts.

The third cause of action (which is not involved on this motion) alleges that on January 4, 1954, the parties entered into an employment contract, in writing, dated January 4, 1954, for a period of one year commencing January 1, 1954.

The defendants, in an amended answer to plaintiff's complaint, admit the agreements alleged in the first and second causes of action, and deny that any amounts are due to the plaintiff thereon.

In addition, as first and second affirmative defenses, the defendants allege that on February 15, 1954, the amounts due the plaintiff being in dispute, the defendants entered into an agreement for the settlement of the differences between them, and that defendants paid to the plaintiff, in satisfaction of any amounts due, the sum of $3,500.00, and that the plaintiff, on or about February 15, 1954, delivered to Allied International, Inc. a release in writing. In a reply to defendants' amended answer, the plaintiff admits signing the release, but alleges that said release was obtained by fraud "in that defendants represented that a proper accounting for the amounts due and owing plaintiff under his employment arrangements would be made in consideration of plaintiff's signing said release."

It is on the basis of this general release that the defendants have moved for summary judgment.

Under Rule 56(e), it is provided that—

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits."

The affidavits submitted both in support and in opposition to this motion do not comply with this rule. No copy of the general release is attached to the motion papers. No affidavit is submitted in support of the motion giving the facts concerning the controversy between the parties as to the amounts due him under the employment contracts alleged in the first and second causes of action. No affidavit has been presented showing the date upon which the general release

was delivered, to whom it was delivered, the conversations in connection with the delivery of the general release, whether the sum of $3,500 was paid simultaneously with the delivery of the general release, and whether the employment contract alleged in the third cause of action was delivered in consideration of the execution of the general release.

The answering affidavit submitted by the plaintiff is equally vague. It alleges that plaintiff signed the general release in reliance upon representations of the defendant corporation by its Treasurer, John F. Wallace, "that your deponent would receive at a future date those sums properly due him under the employment contract set out in the second cause of action in the amended complaint herein, and that the purpose of the release was merely to make the new contract entered into between the plaintiff and the defendants herein, and attached as Exhibit A to the complaint herein, operative." It is, of course, a well recognized principle of law that a promise of something to happen in the future is not a representation of an existing fact.

The affidavit of the plaintiff alleges that "subsequent to the signing of said release and on or about February 15, 1954" the plaintiff was tendered a check by the defendant corporation in the sum of $3,500. The affidavit does not show whether the check was delivered at the time the general release was executed, it does not show what was meant by the new employment contract becoming "operative" upon the signing of the general release, and it does not show whether there had been any controversy prior to the execution of the general release as to the amount due to the plaintiff under the employment contracts alleged in the first and second causes of action.

This is a situation where both parties have presented vague and general affidavits, conclusory in nature, in support or opposition to the motion. Rule 56 requires that affidavits much more definitive in their statements should be submitted on a motion for summary judgment.

In accordance with the provisions of subdivision (e) of Rule 56, I will permit the affidavits submitted by both parties on this motion to be supplemented by such further affidavits as the parties may wish to submit. Such affidavits shall be filed on or before 4:00 P.M. August 30, 1954. I will hold the decision on this motion in abeyance until after that date.

Supplemental Opinion

This is a motion for summary judgment, under Rule 56 of the Rules of Civil Procedure, seeking an order granting summary judgment, in defendants' favor, on the first and second causes of action in plaintiff's complaint on the ground that there is no genuine issue as to the material facts.

On August 13, 1954, I filed a memorandum in which I pointed out that the affidavits submitted on the motion were vague and conclusory in nature, and in which I stated that I would permit the affidavits submitted by both parties to be supplemented by such further affidavits as the parties may wish to submit on or before August 30, 1954.

Supplemental affidavits have now been filed. It appears clearly from those affidavits that a sharp conflict exists between the parties as to the date of delivery, and circumstances surrounding the delivery, of the general release relied upon by the defendants in their motion for summary judgment. This controversy cannot be determined on a motion for summary judgment where the assertions as to essential facts are so diametrically in conflict.

The motion for summary judgment is denied.