Mrs. Lillian Marion **CUNNINGHAM,**
Appellant,

v.

**SECURITIES INVESTMENT CO. OF ST.
LOUIS,** Appellee.

No. 18200.

United States Court of Appeals
Fifth Circuit.

Aug. 8, 1960.

Howard W. Lenfant, New Orleans,
La., for appellant.

Floyd J. Reed, Jos. S. Kluchin, Jr.,
New Orleans, La., for appellee.

Before RIVES, Chief Judge, and
HUTCHESON and BROWN, Circuit
Judges.

PER CURIAM.

In her motion for rehearing, appellant,
calling attention to the statement in our
opinion: "The motion was argued,
whereupon plaintiff's counsel requested
and received additional time to file rebuttal
evidence and cross affidavits, *but did
not file any controversion.*", challenges
the emphasized words.

Conceding that the affidavits of Dr.
Leckert and Mrs. Cunningham, attached
to the motion for rehearing, though presented
to Judge Wright in connection
with the hearing on the motion for summary
judgment in the case, "were not
sent to the Court of Appeals as part of
the record on appeal because the district
clerk did not know that they existed,
since they had not been filed in his office
or in the court room at the time of the
hearing of the motion for summary judgment,
and were not specifically designated
in any designation of the record on
appeal." (Certificate of the District
Clerk), counsel insists: that they should
be now considered by the court, as they
were by the district judge, as part of the
record in the cause; and that, because
of what they disclose, a rehearing should
be granted, and the judgment of affirmance
should be set aside.

We cannot agree.

The statement in the opinion that
"plaintiff's counsel * * * did not file
any controversion", based, as it was on
the record then before us, was exactly
correct. In the light, however, of the
supplemental record now presented,
showing that the affidavits were filed by
plaintiff's counsel with, and considered
by, the judge, it was technically erroneous.
The objected to words will, therefore,
be stricken from the opinion.

The affidavits, however, were not in
substantial controversion of anything
appearing in the discovery depositions of
these affiants or otherwise on the hearing
of the motion for summary judgment.
It is clear, therefore, that there was no

real controversion of the case made for summary judgment and equally clear that the court was right in affirming the judgment for the reasons stated in its opinion.

The motion for rehearing is denied.