LaCrone, Appellant, *v.* Ohio Bell Telephone Co., Appellee.

(No. 6698—Decided August 8, 1961.)

*Mr. William J. Lohr*, for appellant.

*Messrs. Porter, Stanley, Treffinger & Platt* and *Mr. John H. Leddy*, for appellee.

McLaughlin, P. J.  The trial court sustained a demurrer to plaintiff's amended petition and a judgment of dismissal was entered.. This appeal results.

The material and pertinent allegations in the amended petition are:

"On or about May 11, 1960, the defendant deliberately, intentionally, willfully, unlawfully, and in reckless disregard of the rights of the plaintiff, did place a tap on plaintiff's telephone, and, by such means did intercept and did intrude upon plaintiff's private telephone conversations, and, by such means, did allow persons unauthorized by the plaintiff to listen to and intercept plaintiff's private telephone conversations."

"Plaintiff further says that by defendant's acts, it has

wrongfully intruded into her private activities, and as a proximate result of these acts of the defendant in invading her privacy, the plaintiff has been embarrassed, humiliated, and has suffered both mentally and physically * * *."

The trial court ruled: "We cannot see that any cause of action has been stated in the amended petition and therefore the demurrer must be sustained."

The sole question for our decision is: Does the amended petition state facts which constitute a cause of action?

Since the telephone company is defendant here, this appears to be a case of first impression. It is now settled that in Ohio one has the right to maintain an action for invasion of privacy. See *Housh* v. *Peth*, 165 Ohio St., 35. An actionable invasion of the right of privacy is defined in the second paragraph of the syllabus:

"An actionable invasion of the right of privacy is the unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern, *or the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities*." (Our emphasis.)

We test the amended petition with the italicized definition.

It must be borne in mind that the demurrer admits not only what is expressly alleged, but also what can be implied as the fair and reasonable intendment of the allegations made. See *National Surety Co.* v. *The Mansfield Lumber Co.*, 32 Ohio App., 146, and *Poe* v. *Canton Mansfield Dry Goods Co.*, 36 Ohio App., 395.

It is expressly alleged that the telephone company did "tap" and did "intercept" and did "intrude" upon the plaintiff's private telephone conversations. It can be implied as a fair and reasonable intendment that such conduct or such acts were without notice to or authorization from the plaintiff. Therefore, it can be said that an original act of intrusion upon or direct invasion of plaintiff's right of privacy is claimed. "Whenever a telephone line is tapped, the privacy of those talking over the line is invaded and conversations wholly proper and confidential may be overheard." See *Rhodes* v. *Graham*, 238 Ky., 225, 37 S. W. (2d), 46.

"* * * the individual's right to privacy is invaded and violated nevertheless in the original act of intrusion." See *McDaniel* v. *Atlanta Coca Cola Bottling Co.*, 60 Ga. App., 92, 2 S. E. (2d), 810.

In each of the last two cited cases, the defendant committed the original or direct act of intrusion. In neither case was the telephone company, or the manufacturer of the equipment used, sought to be held liable. And in both cases it would seem that there was some publication, recording, or wrongful use made of information obtained. But the Georgia case points out that the gravamen or essence of the action is not publication or wrongful use of information obtained. Such matters may aggravate. But the original act of intrusion upon privacy is the making of the tap or wrongful or unwarranted connection.

Webster's International Dictionary defines such a tap thus: Tap, v. - 3. "To open or break into so as to extract something. Hence, to draw from (anything) in any analogous way; as, to *tap* telegraph wires * * *."

The plaintiff could be embarrassed, shamed and humiliated, assuming that she is a person of ordinary sensibilities, by the mere knowledge and realization that her telephone conversations, which she had every right to believe and trust were private and confidential, had been subjected to being overheard and recorded.

It is a matter of common knowledge that telephone subscribers are classified as private, business, or party lines. The party line subscriber knows that his phone conversations are subjected to being overheard. But the private and business line subscriber has a right to privacy in his telephone conversations, which are his private affairs. And even the party line subscriber knows, in a limited way, who might be listening in, and can govern herself accordingly.

The demurrer admits the tapping, or the opening or breaking into. Plaintiff is entitled to have a jury decide whether such acts were wrongful and whether they constituted an unwarranted invasion of her privacy. Allegations of publication, or other use of information obtained, are not necessary. Embarrassment, humiliation and damage can spring from the tapping, which is the original act of intrusion.

For the reasons stated, it is our opinion that the amended

petition set out a cause of action against the telephone company. The demurrer should have been overruled.

*Judgment reversed.*

HILDEBRANT and RUTHERFORD, JJ., concur.

HILDEBRANT, J., of the First Appellate District, and Mc-LAUGHLIN and RUTHERFORD, JJ., of the Fifth Appellate District, sitting by designation in the Tenth Appellate District.