Courtney CLEMENTS

v.

CAPROCK ELECTRIC COOPERA-
TIVE, INC.

Civ. A. No. 3173.

United States District Court
W. D. Texas,
Pecos Division.

April 16, 1962.

John Watts, Thomas A. Sneed, Odessa, Tex., for plaintiff.

John H. Hall, of Strasburger, Price, Kelton, Miller & Martin, Dallas, Tex., for defendant.

SPEARS, District Judge.

This is a summary judgment case. Plaintiff, Courtney Clements, a resident of New Mexico, brought suit against the defendant, Caprock Electric Cooperative, Inc., a Texas corporation, for injuries sustained by him on its premises on February 3rd, 1958, when, as a lineman employed by an independent contractor (R. & S. Construction Company), he received an electrical charge from a high voltage line on which he was working. He alleged that the incident occurred suddenly and without warning, and that this fact, together with defendant's failure to provide circuit breakers or other devices which would have prevented the electricity from passing through his body, constituted negligence.

In addition to its answer in which it denied all allegations of negligence made by the plaintiff, the defendant filed a motion for summary judgment, to which were attached the affidavits of C. O. Shirey, owner of the R. & S. Construction Company, and William A. Ringener, line superintendent for the defendant. Both affiants agreed that on the day in question Ringener had told Shirey to turn the power back on the line so that people serviced thereby would have electricity during the noon hour. According to Shirey, he, in turn, gave this instruction to his foreman, Edward Henson, who complied therewith at the time plaintiff was up on one of the power line poles.

In a hearing on the motion before Judge Thomason of this Court on June 19, 1961, counsel for plaintiff asked and obtained leave to file an affidavit by an "expert witness" to the effect that if a circuit breaker had been used by the defendant, it would have prevented the accident. Judge Thomason then overruled the motion with the comment that the matter could be handled at the trial when he heard the evidence.

Subsequently, however, defendant filed a second motion for summary judgment, based not only upon the said affidavits of Shirey and Ringener, but also upon their oral depositions, as well as that of the plaintiff. In his deposition taken by plaintiff's counsel, Ringener denied that a circuit breaker would have turned off the current before it passed through the plaintiff, and stated that he knew of no breaker that would trip before an electrical current of the voltage on that line would burn a person. In connection with this he stated that the amount of amperage passing through a circuit breaker of the kind required by that line, is more than a person can stand, and that, because of the high amperage, a smaller breaker could not have been installed.

This case was assigned to me on January 18, 1962, when the Pecos docket was divided between Judge Thomason and myself, and on April 2, 1962 a hearing was held before me on defendant's said second motion. Upon plaintiff's request, the time for filing additional matters was extended first to April 6, 1962, and then to April 10, 1962. However, although the last deadline has passed, plaintiff has filed nothing other than his pleadings to refute the affidavits and depositions relied upon by the defendant.

■ In the recent case of Cunningham v. Securities Investment Company of St. Louis, 5 Cir., 1960, 278 F.2d 600, rehearing denied 5 Cir., 281 F.2d 439, the Court reviewed the applicable law under Rule 56, 28 U.S.C.A., and said that it was not improper to grant a motion for summary judgment which the defendant had supported with depositions, where the plaintiff, having received additional time to file rebuttal evidence and cross-affidavits, did not do so. The Court made it clear that allegations in pleadings do not create a genuine fact issue as against a motion for summary judgment supported by affidavits or other evidentiary material.

■ Plaintiff agrees that the only grounds of negligence upon which he may recover involve his allegations as to the failure of the defendant to warn him, and to provide proper circuit breakers on the line.

The cases of Gulf Oil Corp. v. Bivins, 5 Cir., 1960, 276 F.2d 753, writ cert. denied, 364 U.S. 835, 81 S.Ct. 70, 5 L.Ed.2d 61, and Turner v. West Texas Utilities Company, 5 Cir., 1961, 290 F.2d 191, writ cert. denied Turner v. Tidmore Construction Co., 368 U.S. 920, 82 S.Ct. 242, 7 L.Ed.2d 136, hold that the duty of the owner of property to warn the employees of an independent contractor doing work thereon with respect to dangers that are hidden or inhere therein, is discharged if those in charge of the work for the independent contractor are given warning or have knowledge of the dangers. Since the affidavits and depositions of Shirey and Ringener herein clearly show without dispute that the independent contractor had full knowledge of all the circumstances, plaintiff would not be able to rely upon this alleged ground of negligence in a trial of the case.

Similarly, in view of the fact that plaintiff has not discredited the testimony of Ringener to the effect that a circuit breaker, which would have turned off the current before it passed through plaintiff, could not have been installed on the electric line involved, there was no genuine fact issue created with respect to that allegation of negligence either.

Inasmuch as plaintiff failed to submit a counter-affidavit or other evidence, after having been afforded more than ample opportunity to do so, and since he is not

entitled under Rule 56 to hold back any evidence he may have on the possibility that a real issue as to a material fact might develop in a trial on the merits, I am of the opinion that defendant's said second motion should be granted, and a summary judgment will be entered accordingly.