F. S. BOWEN ELECTRIC CO., Inc., Appellant,

v.

J. D. HEDIN CONSTRUCTION CO., Inc., et al., Appellees.

No. 17136.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 14, 1962.

Decided Feb. 14, 1963.

Mr. Michael A. Schuchat, Washington, D. C., for appellant.

Mr. Thomas S. Jackson, Washington, D. C., with whom Messrs. Robert M. Gray, John L. Laskey and Austin P. Frum, Washington, D. C., were on the brief, for appellees. Mr. Darryl Wyland, Washington, D. C., also entered an appearance for appellees.

Before BAZELON, Chief Judge, and WILBUR K. MILLER and BURGER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

On February 23, 1962, F. S. Bowen Electric Company filed in this action, then pending in the United States District Court for the District of Columbia, a second amended complaint [1] against J. D. Hedin Construction Company, Peter R. Cella, Jr., Karl K. Spriggs, David B. Nicholson, New Amsterdam Casualty Company, and Morris and Rose Abrams. It alleged that, in order to hinder, defraud and delay Bowen and other creditors, they caused certain real estate (alleged to be the principal, if not the only, asset of Hedin) to be conveyed on April 27, 1961, to Cella and on July 27, 1961, to Spriggs and Nicholson; that on October 17, 1961, Spriggs and Nicholson conveyed the realty to Morris and Rose Abrams, as a result of which "Spriggs received approximately $211,509.67 which purportedly represented the equity of defendant Hedin in said property"; that on or about October 26, 1961, Spriggs paid this sum to New Amsterdam "in order to further hinder, delay and defraud creditors of defendant Hedin."

To establish its own status as a creditor with standing to complain, Bowen alleged it obtained a judgment against Hedin for $30,000 in the District Court on November 24, 1958; that

on appeal this court "remanded to reassess the awarded damages," and that on October 24, 1961, the District Court entered judgment in its favor for $34,151.86.[2]

Bowen's prayer was that the conveyances from Hedin to Cella and to Spriggs and Nicholson be adjudged fraudulent, and "that defendants be required to pay the amount received for this property into this Court to be disbursed as this Court shall direct;" and that a receiver be appointed to conserve the assets of Hedin for the benefit of its creditors.

Morris and Rose Abrams filed on April 2, 1962, a motion to dismiss the second amended complaint as to them and filed in support the affidavit of Morris Abrams that he and his wife had bought the realty for a valuable consideration as a result of arms-length negotiation with a real estate agent acting for Spriggs, that the consideration paid was the fair market value, that he and his wife had acted without collusion with anyone, and that they bought the property as a personal investment.

All the defendants moved for summary judgment, relying on the affidavit of Spriggs theretofore filed in support of the motion to dismiss the original complaint, and on the affidavit of one Robert J. Murray attached to the motion. The averments of the affidavits of Spriggs and Murray, combined and summarized, were that prior to November 25, 1959, New Amsterdam had become surety for Hedin on sundry contractors' performance and payment bonds, and had guaranteed the payment of $480,000 which Hedin had borrowed from a bank to discharge indebtedness which had arisen out of contracts for which it had executed performance and payment bonds; that to secure New Amsterdam

---

1. The original complaint, filed October 26, 1961, and the first amendment thereto, filed December 12, 1961, were dismissed by the District Court on February 20, 1962, with leave to file a second amendment.

2. We observe, however, that our opinion on the appeal, Hedin Const. Co. v. F. S. Bowen Elec. Co., 106 U.S.App.D.C. 386, 273 F.2d 511 (1959), set aside the District Court judgment of November 24, 1958, and remanded for further proceedings. It follows that Bowen's lien on Hedin's real estate, arising under § 15–103, D.C.Code (1961), attached on October 24, 1961, the date of the District Court judgment entered after remand.

in its guarantee of the bank loan and "sundry other liability and debts" to New Amsterdam, Hedin on November 25, 1959, executed and delivered to Spriggs and Nicholson as trustees a deed of trust on the realty involved here, which was recorded in the proper office on December 28, 1959.

The affidavits stated that on October 4, 1961, by which time New Amsterdam had paid or become obligated to pay more than a million dollars as surety for Hedin, New Amsterdam authorized and directed the trustees to convey the realty described in the deed of trust to the Abrams for $400,000, its fair market value, and that the net amount realized therefrom—$211,509.67—was paid to New Amsterdam and applied on Hedin's secured indebtedness to it. Both affiants supported the Abrams affidavit.

Bowen filed no affidavits or other material in opposition to the motion for summary judgment. After considering the second amended complaint and the affidavits described above, the District Court granted the Abrams' motion to dismiss as to them, and awarded summary judgment to the other defendants.

On this appeal Bowen argues that the Spriggs and Nicholson affidavits were based on information and belief and not on personal knowledge, and that therefore the District Court erred in considering them as support for the motion for summary judgment. It also urges that anyway the District Court erred in granting summary judgment to the defendants.

■ Subsection (e) of Rule 56 of the Federal Rules of Civil Procedure, which has to do with summary judgment, includes the following:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * *"

Spriggs said in his affidavit that "in all matters * * * herein referred to

he acted as attorney for New Amsterdam Casualty Company, and as its agent and trustee." But his factual statements, made in one sentence more than two pages long, were prefaced by the words, "affiant is informed and believes and therefore avers." Although many of the facts set forth would be admissible in evidence, nothing in the affidavit shows affirmatively that Spriggs was competent to testify as to the matters stated therein. Perhaps his competence may be inferred from the fact that he seems to have participated personally in many of the matters about which he deposed, but this does not satisfy the Rule's requirement that the affiant's competence must affirmatively appear. In like manner, perhaps it could have been inferred from his participation in the transactions that he had personal knowledge of them; but Spriggs foreclosed such an inference by affirmatively stating his averments were made on information and belief. Cf. Maddox v. Aetna Casualty and Surety Co., 259 F.2d 51 (5th Cir., 1958).

Robert J. Murray began his affidavit by saying

"* * * that he is Director of the Fidelity and Surety Claim Division of New Amsterdam Casualty Company * * * that in his capacity aforesaid he is charged with being informed concerning the matters hereinafter set forth; that from an examination of the records and correspondence of said New Amsterdam Casualty Company, he makes this affidavit on information and belief. * * *"

Thus Murray disclaimed personal knowledge of the matters about which he deposed.

We hold that the Spriggs and Murray affidavits failed to qualify under Rule 56(e) and should not have been considered by the District Court as support for the motion for summary judgment.

■ We note that the appellees never filed an answer to the second amended complaint, but instead moved for summary judgment. Even if the Spriggs and

Murray affidavits had met the requirements of the Rule, it is our opinion that they could not and did not disprove the allegation of fraudulent intent and thereby show there was no genuine issue as to that material fact. In such circumstances the affidavits cannot be said to overcome the complaint's allegations. We said in Farrall v. District of Columbia Amateur Athletic Union, 80 U.S. App.D.C. 396, 397, 153 F.2d 647, 648 (1946):

"* * * Rule 56(c) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, makes clear the purpose for which affidavits in support of a motion for summary judgment may be used and, likewise, the extent of their effect. The judgment sought is to be rendered if the pleadings and the affidavits taken together show that (except as to the amount of damages) there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. An affidavit filed in support of a motion to dismiss has no greater purpose or effect. Such an affidavit cannot be treated, for purposes of the motion, as proof contradictory to well-pleaded facts in the complaint. There is a great difference between discovering whether there be an issue of fact and deciding such an issue. The affidavit can be used for the former purpose but not for the latter. Thus, if a fact be averred in the complaint and contradicted in the affidavit, the latter version cannot be accepted by the court for the purposes of a motion to dismiss. * * *"

■ The question arises whether the allegation of fraudulent intent on the part of Hedin in making the attacked conveyances was well pleaded in the second amended complaint. Section 12–401, D.C.Code (1961), provides:

"Every conveyance or assignment, in writing or otherwise, of any estate or interest in lands * * * with the intent to hinder, delay, or defraud creditors or other persons having just claims or demands of their lawful suits, damages, or demands, shall be void as against the persons so hindered, delayed, or defrauded: * * * *Provided further*, That the question of fraudulent intent shall be deemed a question of fact and not of law."

■ In view of this Code provision, we conclude that Hedin's fraudulent intent in making the conveyances was well pleaded in the second amended complaint, and we conclude from what we said in the Farrall case that the Spriggs and Murray affidavits, even though they denied fraudulent intent and even if they had been properly considered by the District Court, could not be treated as proof of Hedin's lack of fraudulent intent so as to decide that issue without a trial.[3] Consequently there was no basis for the entry of summary judgment, for there was a genuine issue as to the material fact of Hedin's fraudulent intent. The order appealed from will be reversed and the case will be remanded for trial.

It is so ordered.

---

3. Our conclusion is in accord with the statement of the Supreme Court in Sartor v. Arkansas Gas Corp., 321 U.S. 620, 627, 64 S.Ct. 724, 728, 88 L.Ed. 967 (1944), that

"* * * Rule 56 authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, that no genuine issue remains for trial, and that the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try. * * *"