Belknap,
No. 5258.

CARL H. HAMBERGER *& a.*

*v.*

CLIFFORD C. EASTMAN.

Argued October 6, 1964.
Decided December 30, 1964.

*Peter Makris* (by brief and orally), for the plaintiffs.

*Nighswander, Lord & Bownes* and *Conrad E. Snow* (*Mr. Snow* orally), for the defendant.

KENISON, C.J. The question presented is whether the right of privacy is recognized in this state. There is no controlling statute and no previous decision in this jurisdiction which decides the question. Inasmuch as invasion of the right of privacy is not a single tort but consists of four distinct torts, it is probably more concrete and accurate to state the issue in the present case to be whether this state recognizes that intrusion upon one's physical and mental solitude or seclusion is a tort. The most recent, as well as the most comprehensive, analysis of the problem is found in Prosser, Torts, s. 112 (3d *ed.* 1964).

In capsule summary the invasion of the right of privacy developed as an independent and distinct tort from the classic and famous article by Warren and Brandeis, The Right to Privacy, 4 Harv. L. Rev. 193 (1890), although Judge Cooley had discussed "the right to be let alone" some years previously. Cooley,

Torts 29 (1st *ed.* 1879). In 1902 the New York Court of Appeals decided that the right of privacy did not have "an abiding place in our jurisprudence." *Robertson* v. *Rochester Folding Box Co.*, 171 N. Y. 538, 556. The following year the New York Legislature acted promptly to remedy this deficiency. Laws of N. Y. 1903, ch. 132; N. Y. Civil Rights Law, *ss.* 50 and 51. Shortly thereafter in 1905 *Pavesich* v. *New England Life Ins. Co.*, 122 Ga. 190, upheld the right of privacy and became the leading case on the subject. Since that time the right of privacy has been given protection in a majority of the jurisdictions in this country, generally without benefit of statute, and only a small minority have rejected the concept and some of these minority decisions are not recent. See *Henry* v. *Cherry & Webb*, 30 R. I. 13 (1909). See also, 1 Harper and James, Torts *ss.* 9.5 — 9.7 (1956); Annots. 138 A.L.R. 22, 168 A.L.R. 446, 14 A.L.R. 2d 750. "Today, with something over three hundred cases in the books, some rather definite conclusions are possible. What has emerged is no very simple matter. It is not one tort, but a complex of four. The law of privacy comprises four distinct kinds of invasion of four different interests of the plaintiff which are tied together by the common name, but otherwise have almost nothing in common except that each represents an interference with the right of the plaintiff 'to be let alone.'" Prosser, Torts, *s.* 112, *p.* 832 (3d *ed.* 1964).

The four kinds of invasion comprising the law of privacy include: (1) intrusion upon the plaintiff's physical and mental solitude or seclusion; (2) public disclosure of private facts; (3) publicity which places the plaintiff in a false light in the public eye; (4) appropriation, for the defendant's benefit or advantage, of the plaintiff's name or likeness. In the present case, we are concerned only with the tort of intrusion upon the plaintiffs' solitude or seclusion. See Ezer, Intrusion on Solitude: Herein of Civil Rights and Civil Wrongs, 21 Law in Transition 63 (1961).

"It is evident that these four forms of invasion of privacy are distinct, and based on different elements. It is the failure to recognize this which has been responsible for much of the apparent confusion in the decisions. Taking them in order — intrusion, disclosure, false light, and appropriation — the first and second require the invasion of something secret, secluded or private pertaining to the plaintiff; the third and fourth do

not. The second and third depend upon publicity, while the first does not, nor does the fourth, although it usually involves it. The third requires falsity or fiction; the other three do not. The fourth involves a use for the defendant's advantage, which is not true of the rest." Prosser, Torts, *s.* 112, *p.* 842-843 (3d *ed.* 1964).

The tort of intrusion upon the plaintiff's solitude or seclusion is not limited to a physical invasion of his home or his room or his quarters. As Prosser points out, the principle has been carried beyond such physical intrusion "and extended to eavesdropping upon private conversations by means of wire tapping and microphones." Prosser, *supra, p.* 833. Examples of wire tapping in which the right of privacy has been protected as an invasion of the plaintiff's solitude or seclusion are *Rhodes* v. *Graham*, 238 Ky. 225; *LaCrone* v. *Ohio Bell Telephone Co.,* 114 Ohio App. 299 and *LeCrone* v. *Ohio Bell Telephone Co.,* (Ohio App.) 201 N. E. 2d 533, decided September 10, 1963 but not reported until 1964. The right of privacy has been upheld in situations where microphones have been planted to overhear private conversations. *Roach* v. *Harper*, 143 W. Va. 869; *McDaniel* v. *Atlanta Coca-Cola Bottling Co.,* 60 Ga. App. 92.

We have not searched for cases where the bedroom of husband and wife has been "bugged" but it should not be necessary — by way of understatement — to observe that this is the type of intrusion that would be offensive to any person of ordinary sensibilities. What married "people do in the privacy of their bedrooms is their own business so long as they are not hurting anyone else." Ernst and Loth, For Better or Worse 79 (1952). The Restatement, Torts, *s.* 867 provides that "a person who unreasonably and seriously interferes with another's interest in not having his affairs known to others . . . is liable to the other." As is pointed out in *comment* d "liability exists only if the defendant's conduct was such that he should have realized that it would be offensive to persons of ordinary sensibilities. It is only where the intrusion has gone beyond the limits of decency that liability accrues. These limits are exceeded where intimate details of the life of one who has never manifested a desire to have publicity are exposed to the public. . . ."

The defendant contends that the right of privacy should not be recognized on the facts of the present case as they appear in the pleadings because there are no allegations that anyone

listened or overheard any sounds or voices originating from the plaintiffs' bedroom. The tort of intrusion on the plaintiffs' solitude or seclusion does not require publicity and communication to third persons although this would affect the amount of damages, as Prosser makes clear. Prosser, *supra*, 843. The defendant also contends that the right of privacy is not violated unless something has been published, written or printed and that oral publicity is not sufficient. Recent cases make it clear that this is not a requirement. *Carr* v. *Watkins*, 227 Md. 578; *Bennett* v. *Norban*, 396 Pa. 94; *Norris* v. *Moskin Stores Inc.*, 272 Ala. 174.

If the peeping Tom, the big ear and the electronic eavesdropper (whether ingenious or ingenuous) have a place in the hierarchy of social values, it ought not to be at the expense of a married couple minding their own business in the seclusion of their bedroom who have never asked for or by their conduct deserved a potential projection of their private conversations and actions to their landlord or to others. Whether actual or potential such "publicity with respect to private matters of purely personal concern is an injury to personality. It impairs the mental peace and comfort of the individual and may produce suffering more acute than that produced by a mere bodily injury." III Pound, Jurisprudence 58 (1959). The use of parabolic microphones and sonic wave devices designed to pick up conversations in a room without entering it and at a considerable distance away makes the problem far from fanciful. Dash, Schwartz & Knowlton, The Eavesdroppers *pp*. 346-358 (1959).

It is unnecessary to determine the extent to which the right of privacy is protected as a constitutional matter without the benefit of statute. See Beaney, The Constitutional Right to Privacy in the Supreme Court in 1962 The Supreme Court Review 212 (Kurland *ed.* 1962); *Olmstead* v. *United States*, 277 U. S. 438, 478 (1927) (dissenting opinion of *Brandeis*, J.); Dykstra, The Right Most Valued by Civilized Man, 6 Utah L. Rev. 305 (1959); Pound, The Fourteenth Amendment and the Right of Privacy, 13 W. Res. L. Rev. 34 (1961). For the purposes of the present case it is sufficient to hold that the invasion of the plaintiffs' solitude or seclusion, as alleged in the pleadings, was a violation of their right of privacy and constituted a tort for which the plaintiffs may recover damages to the extent that they can prove them. "Certainly, no right deserves greater protection, for, as Emerson has well said, 'solitude, the safeguard of

mediocrity, is to genius the stern friend.'" Ezer, Intrusion on Solitude: Herein of Civil Rights and Civil Wrongs, 21 Law in Transition 63, 75 (1961).

The motion to dismiss should be denied.

*Remanded.*

All concurred.