**Mrs. Jack D. FOWLER, Appellant,**

v.

**SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY et al., Appellees.**

**No. 21340.**

United States Court of Appeals
Fifth Circuit.

March 19, 1965.

Spears, District Judge, dissented in part.

152

Thomas M. Spence, Larry Cohran, Atlanta, for appellant.

Harry S. Baxter, William H. Major, Newell Edenfield, Atlanta, Ga., for appellees.

Before BROWN and BELL, Circuit Judges, and SPEARS, District Judge.

GRIFFIN B. BELL, Circuit Judge:

Appellant, Mrs. Jack D. Fowler, originally commenced this action in the Superior Court of Fulton County, Georgia, against Carl Strasser, Jim E. West, and the Southern Bell Telephone and Telegraph Company alleging a cause of action under Georgia law for the invasion of her right of privacy. The complaint alleged that Strasser and West, with the aid and assistance of Southern Bell, caused and procured a wiretap on her telephone and monitored, recorded, and listened to her private conversations with her physician and others. The acts of defendants were alleged to have been willful, intentional, and malicious, and were said to have caused plaintiff great mental anguish, distress, worry, fear, and embarrassment. It was not alleged that defendants had published or disclosed any of the information obtained from the alleged wiretap.[1]

Defendants Strasser and West then removed the case to the United States District Court for the Northern District of Georgia by filing timely removal petitions under 28 U.S.C.A. § 1442

(a)(1).[2] The petitions stated that West and Strasser were special investigators for the Alcohol and Tobacco Tax Division, Internal Revenue Service. Both defendants, while denying the wiretap, alleged that "such acts complained of by plaintiff, if committed, were committed within the scope of defendant's employment and under the color of his office and not for any purpose personal to this defendant." Plaintiff filed no motion to remand. Southern Bell did not file a removal petition but it is settled that the filing of a petition for removal by a single federal officer removes the entire case to the federal court. Allman v. Hanley, 5 Cir., 1962, 302 F.2d 559.

West, Strasser, and Southern Bell all moved the District Court under Rule 12 (b)(6), F.R.Civ.P., to dismiss the complaint for failure to state a claim upon which relief could be granted. The grounds for the motions, as developed by briefs and oral argument, were that disclosure or publication of the information obtained by wiretapping, which was not alleged in the complaint, was an essential prerequisite under Georgia law to recovery for invasion of privacy, and that in any event, West and Strasser were immune from liability by virtue of being federal officers acting within the scope of their official duties. No affidavits or counter affidavits were submitted in support of or opposition to the motions. The District Court dismissed the complaint as to all defendants, stating that while it appeared that Georgia law required publication for a cause of action for invasion of privacy, the more compelling reason for granting the motions to dismiss was the immunity afforded government officers for acts committed in

---

1. Mrs. Fowler expressly disavowed any intention to claim under the wiretapping provision of the Federal Communications Act of 1934. Title 47 U.S.C.A. § 605.

2. In pertinent part:
 "(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may

be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

 "(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office * * *."

the exercise of their official functions.[3] No finding was made that West and Strasser were federal officers acting within the scope of their respective offices, nor was any mention made of why Southern Bell was dismissed. From this judgment, plaintiff appeals.

The first question for our consideration is whether the District Court on the record before it was justified in dismissing the complaint on the grounds of the privilege accorded federal officers acting in the line of duty. The record before the District Court consisted of the plaintiff's complaint, the removal petitions of West and Strasser, and the 12(b)(6) motions of all three defendants. West's removal petition was verified personally by him as "true to the best of his knowledge, information and belief." Counsel for Strasser verified his petition on the same basis. No affidavits or other evidence of any kind were presented to the court.

■■ In the mine run of cases, a motion under Rule 12(b)(6) serves the same function as a common law general demurrer, i. e., it is used to challenge the legal sufficiency of the complaint. The complaint is to be liberally construed, and a dismissal is not warranted unless it is clear that plaintiff would be entitled to no relief under any state of facts that might be proved in support of the complaint. If only the complaint is considered in the present case, it is apparent that dismissal under Rule 12(b)(6) on the grounds of

the privilege accorded federal officers was not warranted. The complaint made no allegation that West and Strasser were federal officers or that they were acting in the line of duty. Thus, if publication is not a requisite under Georgia law to a cause of action for invasion of privacy, the complaint itself, considered in isolation, was legally sufficient to state a cause of action.

■ However, the Federal Rules have wisely not restricted District Courts to mere consideration of the complaint in isolation when dealing with a motion under Rule 12(b)(6). Matters outside the complaint may be considered, and for such eventuality Rule 12 provides that the motion be treated as one for summary judgment and disposed of in accordance with Rule 56, the summary judgment rule.[4]

In the present case, the District Court went beyond the complaint and apparently based its dismissal on the verified removal petitions. The motions were thus treated as motions for summary judgment, and the narrow question before us is whether the defendants carried their burden of showing that there was no genuine issue as to any material fact, and that they were entitled to judgment as a matter of law. Rule 56(c), F.R.Civ.P.

■ We hold that defendants failed to establish that there was no genuine issue of fact. It was incumbent upon them to show through specific facts that West

---

3. The District Court stated:
 "* * * There are no allegations that these individual co-defendants in any way published to any third person the content of the calls they purportedly overheard and recorded. While it appears that there is a great deal of authority to the effect that the mere act of listening to the conversations would not, without more, constitute an action of invasion of the plaintiff's right of privacy, Pavesich v. New England Life Insurance Company, 122 Ga. 190 [50 S.E. 68, 69 L.R.A. 101]; Bazemore v. Savannah Hospital, 171 Ga. 257 [155 S.E. 194]; Prosser on Torts, 2nd Ed., Section 97, Page 641, nevertheless, the Court feels that a more compelling reason for granting the motions to dismiss filed by de-

fendants would be the privilege accorded Government officers as respects civil suits to recover for actions taken by them in the exercise of their official functions."

4. Rule 12, in pertinent part:
 "* * * If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such [a] motion by Rule 56."

and Strasser were federal officers acting within the outer perimeter of their duties, and hence privileged in the premises alleged, Barr v. Matteo, 1959, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434; Norton v. McShane, 5 Cir., 1964, 332 F.2d 855, and that these facts were not controverted by plaintiff. The bare, conclusory allegations of the removal petitions, stating generally that West and Strasser were acting within the scope of their employment and under color of office, were inadequate for this purpose. These allegations were legal conclusions unsupported by facts.

Defendants contend that the removal petitions, being verified, must be accepted as true in the absence of contravention by plaintiff. They argue, in effect, that the verified removal petitions are equivalent to affidavits supporting their motions, which require the opposing party to respond and show by specific facts that there is no genuine issue for trial. Rule 56(e), F.R.Civ.P.[5]

 We agree that verified pleadings may in some circumstances be treated as affidavits in support of a motion for summary judgment which require the opposing party to respond under Rule 56(e). Fletcher v. Norfolk Newspapers, Inc., 4 Cir., 1956, 239 F.2d 169; Williams v. Kolb, 1944, 79 U.S.App.D.C.

253, 145 F.2d 344. However, summary judgment is not warranted unless the verified pleadings meet the standards for affidavits laid down by Rule 56(e). The verified removal petitions here were inadequate because, as noted supra, they set forth no facts and spoke only in legal conclusions. Engelhard Industries, Inc. v. Research Instrumental Corp., 9 Cir., 1963, 324 F.2d 347; Creel v. Lone Star Defense Corp., 5 Cir., 1949, 171 F.2d 964, rev'd on other grounds, 1950, 339 U.S. 497, 70 S.Ct. 755, 94 L.Ed. 1017; Martin v. Allied International, Inc., S.D.N.Y., 1954, 16 F.R.D. 385. Moreover, verification must be on personal knowledge alone, whereas these petitions were verified only on "knowledge, information and belief." Rule 56(e), supra, and F. S. Bowen Electric Co. v. J. D. Hedin Construction Co., 1963, 114 U.S.App.D.C. 361, 316 F.2d 362; Chan Wing Cheung v. Hamilton, 1 Cir., 1962, 298 F.2d 459; Peter Pan Fabrics, Inc. v. Dixon Textile Corp., 2 Cir., 1960, 280 F.2d 800.[6] Additionally, the defense of sovereign privilege imposes a drastic impingement on personal liberty, and is recognized only because this impingement is considered justified in order to encourage public officials to fearlessly discharge the duties of their office. Gregoire v. Biddle, 2 Cir., 1949, 177 F.2d 579, cert. denied, 1950, 339 U.S. 949,

5. In pertinent part:

"* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not respond, summary judgment, if appropriate, shall be entered against him."

6. The record discloses that the District Court's attention was called during argument to a complaint theretofore brought by appellant's husband in the District Court against the defendants here and others for damages on account of the same wiretap wherein it was alleged that West and Strasser were agents of the federal government acting pursuant to their duties as law enforcement officers

in making the tap. That complaint was premised on the federal wiretap statute, Title 47 U.S.C.A. § 605, supra, and it was said in argument that the District Court had dismissed the complaint. It may be that the District Judge was not of a mind to temporize with any contention that these were not federal officers in view of the allegations in that case. However, no reliance was placed on it in the opinion of the District Court. We, of course, could take judicial notice, as could the District Court, of the pleadings in that case. Fletcher v. Norfolk Newspapers, Inc., supra. But here where there is no suggestion of an identity of interest, an allegation in the husband's complaint would not serve as evidence against the wife. See Wigmore on Evidence, 3rd ed., §§ 1062a, 1065, 1078.

70 S.Ct. 803, 94 L.Ed. 1363. The defense should not be sustained on the basis of technical procedural defaults of the opposing party or in the absence of a clear and specific factual demonstration that the actions of the officers were indeed taken in pursuit of their official duties. This standard has not yet been met in connection with the alleged wiretapping here.

The removal petitions being inadequate to support a motion for summary judgment, it follows that the District Court erred in dismissing the complaint and that the case must be remanded for development of the facts pertaining to defendant's defense of privilege, unless, irrespective of that defense, the complaint is otherwise so defective under Georgia law as to render it vulnerable to a motion to dismiss for failure to state a claim. In this regard, defendants contend that the dismissal should be affirmed because under Georgia law, no cause of action for the invasion of privacy by wiretapping arises in the absence of publication or disclosure of the information overheard. We proceed, therefore, to consideration of this question.

The Georgia decision most directly in point is McDaniel v. Atlanta Coca-Cola Bottling Co., 1939, 60 Ga.App. 92, 2 S.E. 2d 810. In that case, plaintiff alleged that defendant had secretly entered her hospital room and concealed a listening device by means of which defendant overheard and recorded plaintiff's intimate conversations with her husband, doctor, nurses, and friends. No publication of the conversations was alleged. The court held the complaint good against a general demurrer, stating:

> " * * * it is admitted by the defendant that it caused the receiving set to be installed in her room, and what was said and done by the plaintiff was listened to and recorded by the defendant's agent * * *. This conduct was as effectively an intrusion upon or an invasion of the privacy of the plaintiff as if the agent had actually been in the room.

Eavesdropping is by statute in this State declared to be unlawful and is punishable as for a misdemeanor. Code, §§ 26–2001, 26–2004. An eavesdropper or 'Peeping Tom' is defined by Code, § 26–2002 as 'one who peeps through windows or doors, or other like places, on or about the premises of another, for the purpose of spying upon or invading the privacy of the persons spied upon, *and the doing of any other acts of a similar nature*, tending to invade the privacy of such persons. (Italics Ours.)' By [Code] § 105–103, it is provided that where the law requires one to forbear the doing of that which may injure another, although no action be given in express terms, upon the accrual of damages the injured party may recover. * * * It is earnestly contended by counsel for the defendant, [in error] that, in the offense of the invasion of the privacy of another, the gravamen or essence of the action is publication or commercialization of the information obtained, and that without such no action is maintainable. There is nothing in the decided cases of this State, however, which indicates any such limitation or qualification of the right, and we think that under the decisions a person's privacy is invaded, in a case like the present, even though the information obtained be restricted to the immediate transgressor. Publication or commercialization may aggravate, but the individual's right to privacy is invaded and violated nevertheless in the original act of intrusion. It is clear that the petition in the present case set[s] out a cause of action."

■ Defendants would distinguish this case on the ground that it was based on the Georgia eavesdropping statutes, Georgia Code, §§ 26–2001, 26–2004, and that the right of privacy doctrine was only incidentally involved. However, the tort there was treated as arising from

the right of privacy. The general rule is that no publication is required in right to privacy cases where the invasion consists of an intrusion upon plaintiff's physical solitude or seclusion, whereas in those based on disclosure, false light or appropriation, publication will be a distinct element of the tort. See Prosser on Torts, § 112, at 843 (3d Ed. 1964).

In the light of this general rule it is our view, and we believe the Georgia courts would hold, that tapping a telephone amounts to an intrusion upon plaintiff's solitude as to which no publication of the overheard information is necessary. We do not believe the Georgia courts would grant recovery in the absence of publication for planting a listening device in plaintiff's room, McDaniel v. Atlanta Coca-Cola Bottling Co., supra, yet deny recovery for tapping plaintiff's phone. The two situations involve essentially identical invasions of plaintiff's interests: the unauthorized, surreptitious eavesdropping on private conversations. The former situation, of course, involves a technical trespass, but the tortious injury arises from the eavesdropping, not from the trespass. If publication is unnecessary in the hidden microphone situation, there is no sound reason why it should be essential in the wiretapping situation. In both cases, publication may indeed aggravate damages, but the tort is complete when the phone is tapped and intimate conversations are listened to.

It is clear that Prosser and the wiretapping decisions in other jurisdictions are in accord with the conclusion we have reached. Prosser states that publication is not required in cases of intrusion upon plaintiff's solitude or seclusion, and points out that such cases are not limited to physical intrusions upon plaintiff's premises, but include cases of "eavesdropping upon private conversations by means of wiretapping and microphones." Prosser on Torts, § 112, at 833, 843. See also Hamberger v. Eastman, N.H.Sup.Ct., Dec. 30, 1964, 206 A.2d 239. There are cases in at least two jurisdictions recognizing a cause of action for invasion of privacy through wiretapping, and in neither was publication required. La Crone v. Ohio Bell Tel. Co., 1961, 114 Ohio App. 299, 182 N.E.2d 15, relying on McDaniel v. Atlanta Coca-Cola Bottling Co., supra; Rhodes v. Graham, 1931, 238 Ky. 225, 37 S.W.2d 46. And see also Clayman v. Bernstein, 1940, 38 Pa.Dist. & Co.R. 543 (dictum). No decision to the contrary has been called to our attention.

Hence, we conclude that Georgia recognizes a cause of action for invasion of privacy through wiretapping irrespective of whether the information obtained is published or disclosed. It follows that the complaint in this case alleged a valid cause of action. Since the complaint was adequate and the record was inadequate, at this stage of the proceedings, to warrant summary judgment based on the defense of privilege, the District Court's order dismissing the complaint must be reversed and the case remanded for further proceedings. On remand, the District Court should take evidence, in the form of affidavits or otherwise, so as to ascertain the specific facts on whch defendants base their defense of privilege, and whether there is a genuine issue as to these facts which would preclude summary judgment, and if so, whether the evidence as actually adduced on the trial is sufficient to make out a case. See, e. g., Garrett v. American Air Lines, Inc., 5 Cir., 1964, 332 F.2d 939, 944; Duke v. Sun Oil Co., 5 Cir., 1963, 320 F.2d 853, 866.

If it is established that West and Strasser acted in the performance and scope of their official powers and within the outer perimeter of their duties as federal officers, then the defense of privilege would be established as to them. Barr v. Matteo; Norton v. McShane, supra. In this event the privilege may be extended to exonerate the Telephone Company also if it appears, in line with the allegations of the complaint, that the Telephone Company acted for and at the request of the federal officers and within the bounds of activity

which would be privileged as to the federal officers. Public policy requires no less, for to deny the privilege to those who assist federal officers would conflict with the underlying policy of the privilege itself: to remove inhibitions against the fearless, vigorous, and effective administration of policies of government. Barr v. Matteo, supra.

Reversed and remanded for further proceedings not inconsistent herewith.

SPEARS, District Judge (dissenting in part):

I cannot agree with those portions of the majority opinion which hold that the removal petitions here were inadequate because they were verified only on knowledge, information and belief, set forth no facts, and spoke only in legal conclusions.

The allegation in each petition for removal that "petitioner was and is employed as a special investigator of the Alcohol and Tobacco Tax Division, Internal Revenue Service, United States Treasury Department, and was acting within the scope of his employment and under color of his office", is unequivocal. No objections were made to the petitions themselves or to the forms of verification, either in the District Court or in this Court; nor were any counter affidavits submitted in opposition to the motions to dismiss. It is my opinion, therefore, that the removal petitions including the verification, were adequate to support a summary judgment.

In Klingman v. National Indemnity Company, 7 Cir. 1963, 317 F.2d 850, 854, where an objection to an affidavit was made for the first time on appeal, the Court said:

"Finally, defendant contends that 'the affidavit filed in opposition to defendant's motion for summary judgment is inadequate to meet the requirements of Rule 56(e) of the Federal Rules of Civil Procedure' in that it could not have been based on personal knowledge. Defendant does not contest the truthfulness of any matters alleged in the affida-

vit. No objection to this affidavit was made in the district court, and the court recited in its order granting summary judgment that this affidavit was considered. The objection is made for the first time on this appeal.

"The thrust of Rule 56(e) is that the affidavit 'shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matter stated therein.' It is settled law that testimony to which no objection is made may be considered by the trier of fact. We conclude that an analogous rule is applicable here. On a motion for summary judgment, if no objection is made to an affidavit which is objectionable under Rule 56(e), the affidavit may be considered by the court in ruling on the motion. See Monks v. Hurley, D.C.D.Mass., 45 F.Supp. 724 (1942); 6 Moore, Federal Practice § 56.22, at 2335 (2d ed. 1953)."

The majority says that the defense of sovereign privilege "should not be sustained on the basis of technical procedural defaults of the opposing party or in the absence of a clear and specific factual demonstration that the actions of the officers were indeed taken in pursuit of their official duties." I am in accord with that statement, but I do not agree that "(T)his standard has not yet been met in connection with the alleged wiretapping here".

The trial judge gave appellant's counsel repeated opportunities during oral arguments, through direct questioning, to deny the alleged capacity in which West and Strasser were acting. But this was never done, in spite of the fact that counsel was advised by the Court that "we have to find out what the facts are", was cautioned that the Court did not want any quibbling, and was admonished to "get down to the guts of the case".

Under the circumstances of this case, I do not think we are dealing with mere

"technical procedural defaults of the opposing party", or with an "absence of a clear and specific factual demonstration that the actions of the officers were indeed taken in pursuit of their official duties". On the contrary, the trial judge did everything humanly possible to encourage appellant's counsel to comment on the allegations that West and Strasser were federal officers, in order to make certain that the case would be decided on the facts, rather than technicalities. In response to his questions, however, he received evasive replies ranging from "I don't know" and "I couldn't say" to "we assume they are from the discussion, of course", and "that is my understanding". This conduct, coupled with appellant's continued failure to otherwise deny, object, or furnish rebuttal evidence, hardly constitutes the kind of participation in summary judgment proceedings contemplated by this court in Cunningham v. Securities Investment Company of St. Louis, 5 Cir., 1960, 278 F.2d 600, rehearing denied, 281 F.2d 439. In that case Judge Hutcheson quoted from Moore's Federal Practice, Section 56.23, pp. 2340–2341, Vol. 6, citing Surkin v. Charteris, 5 Cir., 1952, 197 F.2d 77, in part as follows:

> " * * * it is certainly well settled that the opposing party is not entitled to hold back his evidence until trial, and is not entitled to a trial on the possibility that an issue of material fact might arise if the case were to go to trial on the merits."

The Cunningham case was followed by this Court in Norton v. McShane, 5 Cir., 1964, 332 F.2d 855, 861, where it was held that in view of the affidavit of the Attorney General of the United States that the officers being sued were discharging their official governmental responsibilities, it became incumbent upon the plaintiffs, by affidavit or otherwise, in opposition to defendants' motions for summary judgment, to set forth specific facts showing that there was a genuine issue for trial as to whether the defendants were acting within the scope of their official duties.

Appellant has never even to this day objected to the petitions for removal, or come forward with any evidence by affidavit or otherwise to refute the allegations contained therein, or said that she had any such evidence, or contended that she has been deprived of an opportunity to produce it. It can only be concluded, as the trial judge must have, that there is no evidence of that nature available to appellant. As a consequence, nothing can be gained by requiring the trial court to again consider matters about which there has been no contest, on the outside chance that an issue of material fact might possibly arise at another trial.

Since, in my view of the case, West and Strasser established without objection or controverting affidavits that they acted within the scope of their employment and under color of their offices; and since the complaint itself reflects that the Telephone Company's only participation was to aid and assist West and Strasser, I would affirm the judgment of the District Court.

Except as hereinabove set forth, I fully concur in the majority opinion.