Herb **BRIDGES**, Plaintiff-Appellant,

v.

**INTERNAL REVENUE SERVICE et al.,**
Defendants-Appellees.

No. 29817
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 23, 1970.

* [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Herb Bridges, pro se.

Wayman G. Sherrer, U. S. Atty., E. Ray Acton, Asst. U. S. Atty., Birmingham, Ala., Lee A. Jackson, Chief, Appellate Sec., Tax Div., Dept. of Justice, Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Joseph M. Howard, Carleton D. Powell, Attys., Dept. of Justice, Washington, D. C., for defendants-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Plaintiff brought this action against seven named officials of the U. S. Internal Revenue Service for damages arising out of alleged tortious conduct in the sale of his Mansfield, Ohio, real property to satisfy a federal tax lien. He appeals from the decree of the District Judge dismissing his action against all defendants, with prejudice. We affirm.

It is undisputed that, at the time of the seizure and sale of plaintiff's property, assessments were pending against plaintiff for unpaid federal income taxes in the amount of $3,386.93. Sections 6331 through 6335 of the Internal Revenue Code of 1954 (26 U.S.C. §§ 6331–35 (1967)) prescribe procedures to be followed by the Internal Revenue Service in seizing and selling the real property of delinquent taxpayers. Affidavits were filed on behalf of the defendants, accompanied by supporting documentation from Internal Revenue Service files, indicating that those defendants who took direct part in the disposition of Bridges' property complied with the prescribed procedures in all material respects. Bridges filed no counter-affidavits, but rested on his pleadings broadly alleging fraud, conspiracy, and deprivation of constitutional rights.

■ The question on appeal is whether, from the pleadings and affidavits on file, the District Judge should have concluded that there was no genuine issue as to any material fact and that defendants were entitled to dismissal of the suit as a matter of law. Fed.R.Civ. P., Rule 56. Executive officers are immune from suit for monetary recovery based on allegedly wrongful conduct if, in engaging in the conduct complained of, they acted within the scope of their authority or in the discharge of their duties. Norton v. McShane, 5 Cir., 1964, 332 F.2d 855, 857, cert. denied, 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965); see Barr v. Mateo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). Defendant officers may not rely, of course, on bare conclusory allegations on this issue, for this will not sustain a summary judgment in their favor. Fowler v. Southern Bell Tel. & Tel. Co., 5 Cir., 1965, 343 F.2d 150. However, in the face of affidavits by such defendants tending to show that immunity is properly invoked, "plaintiffs cannot rest upon the mere allegations of their complaints unsupported by sworn testimony." Norton v. McShane, *supra*, 332 F.2d at 861.

■ It is not necessary to our decision here that we determine the limits to the scope of immunity of federal officials based on the exercise of their powers, for in the record before him, the District Judge was fully justified in granting judgment in favor of defendants.

Affirmed.