STATE v. KEGGON.     { DECEMBER 4, 1874.

Where the subject-matter of a negative averment in an indictment relates to the respondent personally, or lies peculiarly within his knowledge, the averment will be taken as true unless disproved by him.

Upon an indictment for a breach of the statute, prohibiting the sale of spirituous liquors, alleging affirmatively that the respondent was not an agent for the sale of liquor, the state is not bound to prove the averment.

INDICTMENT, charging the respondent with keeping intoxicating liquor for sale, tried in the court below before FOSTER, C. J. The respondent filed the following bill of exceptions, which was allowed: "The defendant excepts to the ruling of the court, that the state need not show that the defendant was not licensed, and asks to have the verdict set aside because there was no evidence that he was not licensed."

*T. J. Smith*, solicitor, for the state.

*D. J. Parsons*, for the respondent.

SMITH, J. It is evident that by the expression "not licensed," is meant "not appointed agent" for the sale of spirituous liquors.

The question raised here has frequently been before this court, and each time it has been settled against the position taken by this respondent—*State* v. *Simons*, 17 N. H. 83 ; *State* v. *Foster*, 23 N. H. 348 ; *State* v. *McGlynn*, 34 N. H. 422 ; *State* v. *Shaw*, 35 N. H. 217 ; and the general current of authorities is the same way. 1 Gr. Ev., sec. 79 and authorities there cited, in note 3 ;—see, also, authorities cited by Austin, attorney-general, in *Commonwealth* v. *Thurlow*, 24 Pick. 374. In *State* v. *Perkins*, 53 N. H. 435, the court were equally divided upon this question.

The principle settled by these decisions is, that where the subject-matter of the negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true unless disproved by that party. The decisions assume that, if the appointment of agent for the sale of liquors exists, the respondent can easily show it without inconvenience, and for that reason the averment that the respondent was not such agent, unless disproved, is taken to be true, and the government is not bound to prove it. The rule has become so well settled in this state, that I do not think it useful at this time to inquire whether the reason for it is or is not well founded. The averment is necessary to complete the description of the offence under the laws of this state.

If the question raised by the bill of exceptions in this case were now before the court for the first time, probably I might come to a different conclusion from that heretofore reached ; but the question is too firmly settled in this state to be overturned.

CUSHING, C. J. I concur in the foregoing opinion, in so far as the particular question raised is concerned. In the trial of indictments for the unlawful sale of liquor, the practice is too well established in this state, and too convenient to be abandoned. But I do not mean to be understood as indicating any opinion on the general principles.

LADD, J. The question in this case is identical with that raised in *State* v. *Perkins*, 53 N. H. 435, where the court were equally divided in opinion as to whether our cases of *State* v. *Foster*, 23 N. H. 348, *State* v. *Shaw*, 35 N. H. 217, and others holding the same doctrine, should be reconsidered and overruled.

I was one of those who, at that time, thought it was not worth while to interfere with a rule so long established and acted upon, and so well understood, which works no practical injustice or hardship to anybody, without inquiring into the soundness of the reasons upon which it rests. I have not seen sufficient cause to change my mind since, although I confess if the question were a new one I should go the other way.

I think the exceptions should be overruled, on the authority of the cases above referred to.          *Exceptions overruled.*