Rockingham, }
Dec. 2, 1919. }

## MARTHA E. WATTS v. THE DERRY SHOE CO., INC.

By the employers' liability act (Laws 1911, c. 163) the injured employee, whose employer has accepted its provisions, may either bring an action at law for negligence, or bring a petition under s. 9 for the compensation provided by the act, in which case there is no duty to prove negligence; but if the employer has not accepted the provisions of the act the employee's only remedy is the action for negligence.

In such action, where the employer has not accepted the act, the only effect of stating that fact in the declaration is to give notice that the case is within the statute, which will be applied unless the plaintiff is estopped to claim its benefit.

CASE, for negligence, to recover for injuries received while in the defendants' employ.

The declaration alleged, as the negligence causing her injury, the unsafe condition of the floor of the room in which the plaintiff worked.

Subsequently, she asked leave to amend her declaration by adding a count in which she alleged her employment by the defendants at work in a factory in connection with machinery operated by steam or other mechanical power, wherein more than five persons were engaged in manual and mechanical labor and that the defendants had not accepted the provisions of Laws 1911, c. 163. The question of power to allow the amendment was transferred by *Sawyer*, J., from the May term, 1919, of the superior court.

*Norman F. Watts* and *Scammon & Gardner*, for the plaintiff.

*Hughes & Doe*, for the defendants.

*Per Curiam.* Amendments in matters of substance may be allowed by the court in any stage of the proceedings when necessary to prevent injustice. P. S., c. 222, s. 8.

Under c. 163, Laws 1911, a servant of an employer, who has accepted the provisions of the act, in case of injury may bring an action against his employer to recover for such injury upon the ground that it was caused by his employer's negligence, or he may seek the compensation provided by the act, in which case the question of negligence is not material. After election of either remedy the al-

ternative remedy is not open to him. *Ib., s. 4.* When, as alleged in this case, the employer has not accepted the provisions of the chapter, the injured employee has no election. His only remedy is an action of case for negligence.

By the statute, in certain cases common law rules of liability are materially modified in favor of the plaintiff against an employer who has not accepted the act. The only object in referring to the statute in the declaration is to give notice of a claim that the case is within these provisions of the statute. The statute regulates the rights of the parties and must be applied whenever called to the attention of the court, unless upon some ground the plaintiff has estopped himself from claiming its benefits. The proposed amendment gives the defendants seasonable notice and no ground appears upon which the court can refuse to allow it, or after the notice given by the offer of the amendment deprive the plaintiff of the benefit of the statute. Section 4, c. 163, Laws 1911, has no application.

*Case discharged.*