Strafford, }
Jan. 6, 1920. }

### MARY SPILENE, *adm'x, v.* SALMON FALLS MANUFACTURING CO.

Justice and convenience may require that in certain stages of a trial the party not having the burden of proof (in the sense of the risk of non-persuasion) shall produce evidence on a particular issue, upon pain of that issue being decided against him if he declines to do so.

It is not error to apply this rule to a master's claim that he has accepted the provisions of Laws 1911, *c.* 163.

In a servant's action for injuries caused by his master's negligence, the burden is on the latter to show that he has accepted the compensation provisions of the employers' liability act (Laws 1911, *c.* 163); in the absence of proof of such acceptance assumption of the risk is not a defence.

In an action within the provisions of section 2 of that act, assumption of the risk is not a defence, and on a motion to direct a verdict for the defendant the questions are, whether there was any evidence of his negligence; and whether the plaintiff's negligence was conclusively established.

In an action within the provisions of section 2 the burden of proving contributory negligence is on the defendant: evidence which merely shows that a certain occurrence might have resulted from a workman's negligence or without it does not compel a finding that it resulted from his fault.

Upon the issue whether a store-house for cotton should have been provided with a floor instead of loosely laid timbers, evidence as to the value of the cotton stored therein is relevant.

Evidence that when employees used grabhooks to handle bales of cotton the hooks frequently pulled out, warrants the conclusion that the mere pulling out of a hook did not show fault on the part of the man using it.

Whether relevant evidence should be excluded as too remote to be useful or as tending to prejudice the objecting party are questions for the trial justice.

ACTION OF LAW, to recover damages for negligently causing the death of the plaintiff's intestate, Charles Spilene, on June 26, 1917. Trial by jury and verdict for the plaintiff.

The evidence tended to prove the following facts. The defendant operates cotton mills and Spilene was employed by it to handle bales of cotton in its store-house. There was no floor, and the bales rested on large timbers placed some distance apart. The bales were piled to a considerable height, and it was the practice to remove them tier by tier, instead of layer by layer. When a new tier was started on, the bales were so removed that the end of the tier formed a series of steps each one bale high, and this formation was preserved as the work progressed. The bales weighed several hundred pounds each, and were covered with burlap. The method of handling was for two men, one at either end of a bale, to pull it out with hooks. They then got behind it and rolled it down the steps. These

hooks frequently pulled out when force was applied to them. This sometimes resulted from the fact that the burlap was poor, but the same thing occurred when the hook was inserted into the cotton. On the day of the accident Spilene and a fellow-workman were engaged in removing bales by the method above described. Spilene was at the end of the bale which brought him at the outer edge of the tier. They were working at a height of several bales above the timbers. Spilene inserted his hook, and when he pulled, it gave way and he was precipitated over the edge of the tier and onto the timbers below, striking his head and receiving the injuries which caused his death.

As tending to show that it was reasonable to contend that the store-house should have been provided with a floor, the plaintiff was permitted to show, subject to exception, the value of the cotton stored.

The defendant moved for a nonsuit and for a directed verdict, and that the jury be instructed that the case was to be determined as at common law, since there was no evidence that the defendant had not accepted the provisions of Laws 1911, c. 163. The motions were denied and the defendant excepted.

Transferred from the February term, 1919, of the superior court by *Marble*, J.

*Hughes & Doe* and *John L. Mitchell* (*Mr. Doe* orally), for the plaintiff.

*Doyle & Lucier* and *Branch & Branch* (*Mr. Lucier* orally), for the defendant.

PEASLEE, J. The case was tried, and the general merits of it have here been argued, upon the theory that the defendant's common law liability was modified by the provisions of the employers' liability act applicable to those who have not accepted its other provisions. Laws 1911, c. 163, s. 2. It appeared in evidence that Spilene's work was of a character to make the statute applicable, but there was no evidence that the defendant had or had not accepted the compensation features of the act. In this state of the proof the defendant requested a ruling that the rights of the parties were to be determined as at common law, because the plaintiff had not offered evidence that the defendant had not taken the steps necessary to avoid the application to it of the provisions of section 2. The motion was

denied, and the jury were instructed that the case was to be decided under that section.

There was no error in this instruction. That section is a general rule of law, applicable in all cases unless the defendant has taken certain steps whereby he is relieved from the general obligation. It is not greatly unlike general prohibitory laws, with provisions for securing licenses. As to these it is well settled in this jurisdiction that the burden is on the one asserting that he has a license to produce evidence of it. Notwithstanding the vigorous attacks upon this rule it has been upheld for the reasons that it is too well established and too convenient to be abandoned. *State* v. *Keggon,* 55 N. H. 19, and cases cited. As was said in *State* v. *Perkins,* 53 N. H. 435, 436, the rule "has been found extremely convenient in practice, and is likely to be equally so hereafter, . . . it has resulted in no practical injustice, and is not likely to result in any hereafter."

In this jurisdiction procedure is what justice and convenience require. The rule in question has been criticized chiefly upon the ground that it attempts to shift the burden of proof upon one of the issues in the case. *Lisbon* v. *Lyman,* 49 N. H. 553. But this is not a necessary result. A rule that upon an issue lying more particularly within the knowledge of one party he shall disclose his knowledge or the issue shall be decided against him, does not of necessity involve the further rule that if the evidence is produced, and the matter proves to be a disputed one, the burden is upon the party not having it generally in the trial. Justice and convenience may require that in certain phases of a case the party not having the burden of proof shall produce evidence, upon pain of that issue being decided against him if he declines to do so.

The phrase burden of proof has been used in two very different senses. In its true sense it means the risk of non-persuasion upon the evidence in the case. But it is also used to designate the duty to go forward and produce evidence. In the first and true sense of the term the burden once fixed by the pleadings never shifts. In the secondary sense it frequently shifts during the progress of a trial. Wig. Ev., s. 2489.

The argument against the free application of the idea that under certain circumstances the defendant should be called upon to produce evidence rests in its final analysis upon the theory that since the plaintiff makes a charge he must prove it. But this general rule is not now and never has been carried to the extreme limit of its logic. Many defences are treated as matters in confession and

avoidance; and when they are pleaded, the burden is put upon the defendant in both senses. He has the duty to go forward and produce evidence and also the risk of non-persuasion. If he is sued upon a promissory note he must seasonably deny his signature or his non-action is taken as his admission of the signature. The logic of the general principle that the plaintiff should have the duty to go forward and the risk of non-persuasion has always been modified by the application of what was at the time deemed to be the common sense of the situation. It may be that many of the cases have gone too far in this respect. It is undoubtedly true that the authorities are not harmonious, yet the essential soundness of the principle which they have sought to apply cannot be doubted.

The rule as here applied by the superior court goes no further than to hold that under certain circumstances the defendant is bound to produce evidence to sustain its claim for exemption from the operation of a general statute. It is merely a subsidiary rule of procedure. It is just, convenient and well established in this state. No sufficient reason appears for its abandonment.

As the case comes under the general provisions of the employers' liability act, the issue of assumption of risk is eliminated, and on the motion for a directed verdict the questions are whether there was any evidence of the defendant's negligence, and whether the decedent's negligence was conclusively established. *Nawn* v. *Railroad*, 77 N. H. 299; *Oulette* v. *Company, ante,* 112. The defendant claims that its motion should have been granted on both grounds.

The negligence charged is failure to provide a reasonably safe work-place, and a proper method for conducting the work. The defendant's operations in the store-house involved two manifest and avoidable dangers. The use of timbers with considerable spaces between them instead of a floor made it highly probable that if an employee fell he would receive severe injury. Taking the bales of cotton down tier by tier instead of layer by layer made it necessary that one of the workmen should be engaged in work close to the brink of the tier, so that if he slipped from any cause he might fall a considerable distance and strike upon the uncovered timbers. Add to these two circumstances the further fact that the heavy bales were handled by the use of hooks which not infrequently pulled out when the large amount of force necessary to move a bale was applied, and it is evident that the combination is one which prudent men might think ought to have been avoided. Especially is this true when, as in this case, the avoidance would have involved no expense

and no inconvenience. There was therefore sufficient evidence of the defendant's negligence.

· As bearing upon this issue, the plaintiff was permitted to show the value of the cotton the defendant had in storage. This fact was offered and admitted solely for the purpose of showing that it was reasonable to claim that the defendant should have provided a floor in the store-house. Evidence that changes would require but a small expenditure is admissible to show that the change was reasonably demanded. *Haskell* v. *Railway*, 73 N. H. 587. Whether an expenditure would be reasonable or excessive is largely a matter of comparison. The adoption of certain safety devices that would add but an infinitesimal percentage to the cost of operating in this store-house might be reasonably demanded, although the same devices would unreasonably increase operating cost to the proprietor of a peanut stand, and therefore could not be demanded of him. The money value of the commodity handled has some tendency to prove the issue in question. Being relevant, it is admissible, so far as this court is concerned. Whether it should have been excluded as too remote, or as tending to prejudice the defendant in other aspects of the case were questions to be decided by the judge who presided at the trial.

It is also claimed that Spilene was negligent and that therefore there can be no recovery here. It is said that he fell because his hook pulled out, that the hook pulled out because he did not get a good hold, and that failure to secure a good hold was negligence. But the evidence was that hooks very frequently pulled out when force was applied to them. This would warrant a conclusion that the mere pulling out of a hook did not show fault on the part of the man using it. Being a frequent occurrence it occurred when the hook had been applied as men frequently applied it. It was an ordinary occurrence and might result from ordinary conduct. The burden was on the defendant to show contributory negligence, and merely showing that an occurrence might have resulted either from such neglect or without it does not compel a finding that it resulted. from the workman's fault. *Nawn* v. *Railroad*, 77 N. H. 299, 305.

*Exceptions overruled.* ·

All concurred.