Hillsborough,
April 7, 1936.

### ALPHONSE MEERSMAN

*v.*

### CARL G. DAVISON &a.

*O'Connor & Saidel* (*Mr. Saidel* orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell,* for the defendants.

BRANCH, J.   Although the defendants had accepted the provisions of the employers' liability and workmen's compensation act (P. L., c. 178) the plaintiff elected to bring an action for damages against them.   The case is therefore governed by common-law principles. *Ib., s.* 4.

Upon June 27, 1932, the defendants, who are building contractors, were engaged in the construction of a brick, steel and cement dormitory for the University of New Hampshire in the town of Durham. The plaintiff had been employed by them for about two weeks as a laborer, doing many kinds of manual labor as directed by the superintendent.   He was injured while ascending a temporary runway, by striking his head against an overhead beam which constituted a permanent part of the building.   This runway extended from the first floor of the building to the first landing of a flight of stairs leading to the second floor.   There were about five steps between the first floor and the landing.   The runway was built of planks and was used for wheeling cement from the mixer to the second floor.   The plaintiff had used it for this purpose and knew that it was necessary for him to lower his head in passing under the beam in question.

Upon the day of the accident it had been raining and the runway was wet because the building had not yet been roofed over. Rain also blew in through the unfinished windows and wet cement had been spilled upon the planks. The plaintiff knew of these facts and also testified that "it is perfectly obvious that wood is more slippery, when wet." Having gone to a neighboring shed to get his sweater, the plaintiff was summoned by the superintendent, who told him "to hurry up" and "get in here." He testified that as he was hurrying up the runway he slipped and was injured by striking his head against the beam above mentioned.

In support of his claim of negligence he contends that the runway might have been constructed in another place which would have avoided the necessity of "ducking" under the beam and also that the beam should have been padded so as to reduce the danger of injury by coming in contact with it. It is unnecessary to consider the soundness of these claims since it is plain that the plaintiff was fully informed in regard to his physical surroundings and of the dangers inherent therein. As indicated by the foregoing statement of facts, it is clear that his knowledge of the situation and its dangers was in all substantial particulars complete. *Jennings* v. *Railroad*, 82 N. H. 323, 327.

Upon the ground that the plaintiff assumed the risk from which his injury resulted, the nonsuit was properly granted. *Levesque* v. *Company*, 84 N. H. 543, 546, and cases cited.

*Judgment for the defendant.*

All concurred.