Hillsborough, }
Dec. 4, 1945. } No. 3552.

ATHENA FASEKIS *v.* J. J. NEWBURY COMPANY.

*McLane, Davis & Carleton* and *Robert P. Bingham* (*Mr. Bingham* orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Louis E. Wyman* orally), for the defendant.

MARBLE, C. J.   In ordering a new trial on procedural grounds, the Presiding Justice acted on the assumption that proof of the defendant's acceptance of the provisions of the Employers' Liability and Workmen's Compensation Act (R. L., c. 216) was necessary before a proper ruling could be made upon the sufficiency of the opening statement.   Whether, in view of the unquestioned authenticity of the Commissioner's certificate of acceptance, the Presiding Justice ought not to have found it "convenient, expedient and economical" (*Gaudette* v. *McLaughlin*, 88 N. H. 368, 370) to receive the certificate in evidence is a question which need not be discussed, for, in our opinion, proof of the defendant's acceptance of the provisions of the Act was unnecessary.

The only right which an employee has to claim immunity from the defense of assumption of risk is derived from chapter 216, and to correctly assert that right a plaintiff must either state in his declaration that his action is brought under the provisions of that chapter or allege facts which so indicate.   See 77 N. H. 208, 551, 559; 78 N. H. 26, 354, 610; 79 N. H. 42, 61, 63, 166, 299, 311, 398, 439, 452; 92 N. H. 319.

The case of *Spilene* v. *Company*, 79 N. H. 326, on which the plaintiff relies, cannot fairly be deemed an exception to the general rule, since the declaration in that case ends with these words, "whereby an action hath accrued to the said plaintiff under the statute in such case made and provided."   334 Briefs & Cases, 579. It is true that a *dictum* contained in the second paragraph of the opinion in *Saunders* v. *Railroad*, 82 N. H. 476, would appear to support the plaintiff's contention, but at the trial of that case there was no claim that the Act was applicable and no evidence was introduced on that issue.   390 Briefs & Cases, 439–504.

It is generally held that where a remedy is given by statute, the statute "must be specially declared upon, or, at all events, the facts must be so alleged that the court, on the face of the declaration, can see that the action is founded on the statute."   *Crippen* v. *Laighton*, 69 N. H. 540, 550, and cases cited.

In the case of *Watts* v. *Company*, 79 N. H. 299, 300, it is said that

the object in referring to the Employers' Liability and Workmen's Compensation Act in the declaration is to give notice of a claim that the case is within those provisions of the Act which materially modify the common-law rules of liability in the plaintiff's favor.

The declaration in the present case contains no reference to chapter 216 either directly or by a recital of facts necessary to entitle the plaintiff to its benefits. Moreover, plaintiff's counsel, in answer to an inquiry by the Presiding Justice at the conclusion of the opening statement, did not suggest that the doctrine of assumed risk was not available to the defendant as a defense, but contended that the recited facts brought the case within the rule of *Tremblay* v. *Company*, 91 N. H. 24. We hold that the defendant was not required to disprove the existence of a statutory right which the plaintiff did not expressly or impliedly claim.

The nonsuit was ordered "on the ground that the offer of proof outlined in the opening statement clearly demonstrated that plaintiff assumed the risk of the injury." The opening statement is to be treated as though the evidence offered had been introduced. *Charpentier* v. *Company*, 91 N. H. 38, 40.

If the plaintiff was possessed of ordinary intelligence, and there is no claim that she was not, she must have known that if she did not step squarely on the stool, it might slip out from under her. As defendant's counsel assert in their brief, "the fall here was not connected with any rearrangement of the cloth on the rack: that work had been completed; the act was simple, the appliances visible, and the danger arose solely from the conduct of the operator herself." We agree with the further suggestion that the defendant could properly take for granted the fact "that any adult employee knows how to use a two-foot stool to get up on or down from a three-foot counter in reasonable safety."

An employer's duty to warn extends only to dangers of which his employee is justifiably ignorant, and the employee "assumes the perils incident to his service of which he is informed, or which ordinary care would disclose to him." *Henderson* v. *Williams*, 66 N. H. 405, 413; *O'Hare* v. *Company*, 71 N. H. 104, 106. If there was anything in the construction of the counter or the position of the stool which made it necessary for the plaintiff to place her foot on the stool "at an angle," that fact and the danger of descending in that manner must have been perfectly apparent to her if she paid any attention whatever to the situation, as she was bound to do. See

*Sanborn* v. *Railroad,* 76 N. H. 523, 525; *Jennings* v. *Railroad,* 82 N. H. 323, 325, and cases cited.

It is our conclusion that the facts recited in the opening statement were insufficient to warrant a finding that the plaintiff, on whom the burden of proof rested (*Quimby* v. *Shattuck,* 88 N. H. 262, 263), did not know and appreciate the danger she incurred in using the stool. See *Meersman* v. *Davison,* 88 N. H. 93; *Gelinas* v. *Company,* 90 N. H. 312.

There remains for consideration the plaintiff's contention that the nonsuit was erroneously ordered because, on the stated facts, the defendant could be found guilty of a breach of the duty imposed by section 7 of chapter 215 of the Revised Laws, relating to the health and safety of employees. It is a sufficient answer to this argument to call attention to the fact that chapter 215 is a regulatory and penal statute and that the violation of such an enactment is an actionable wrong only when the Legislature expressly so provides or when the purpose and language of the statute compel such inference. *Howson* v. *Company,* 87 N. H. 200, 204, 205. Certainly there is nothing in the text of chapter 215 which remotely indicates an intent to make an employer absolutely liable to his employees for injuries caused by his failure to comply with the requirements of the chapter.

The plaintiff's exception is overruled.

*Judgment for the defendant.*

All concurred.