Merrimack, Feb. 21, 1946. } No. 3554.

JESSE I. EVERETT *v.* LITTLETON CONSTRUCTION COMPANY.

WILLIAM A. TOWNES *v.* SAME.

*Murchie & Murchie (Mr. Alexander Murchie* orally), for the plaintiffs.

*Maurice F. Devine* and *Joseph A. Millimet (Mr. Millimet* orally), for the defendant.

JOHNSTON, J. During the trial much time was given to the issue of whether the new road had been opened for highway travel prior to the accident on November 6, 1941. It could readily be found that the point of the collision was within the traveled part of the way from South Alexandria to Hill and that this highway had not been closed to the public. In fact, it was in use for traffic both north and south. The lowering of the grade of the new road made inaccessible the southerly portion of this other highway but an approach for the northerly portion was built to the new road, which was used southerly of that point. This approach was in use at the time of the accident and there was traffic in both directions. It resulted from the building of this approach more than three hundred feet north of the place of the accident that traffic on the South Alexandria layout southerly to the scene of the accident took the same course that was designed for traffic on the new road. From the locus of the collision northerly to the intersection of the westerly side of the pavement of the new road with the easterly side of the right of way of the South Alexandria road, it was one hundred and seventy-five feet. The westerly and easterly sides of the two rights of way respectively intersected three hundred and seventy feet northerly from the same locus. In other words, if the sedan went south on the westerly edge of the pavement, it reached the highway that was open one hundred and seventy-five feet northerly of the place of the collision. The fact that the plaintiffs approached over a way that may not have been open to them is immaterial.

Within the layout of the South Alexandria highway the plaintiffs were entitled to the protection of the applicable statutes that were for the safety of highway travelers. They were making a viatic use of this highway. Ordinarily this is a question of fact but the facts, as in the instant case, may be undisputed. *Manning* v. *Railway*, 80 N. H. 404. The case of *Locke* v. *Payne*, 81 N. H. 266, is not to the contrary. That was an instance of a newsboy peddling his papers in the street but not intending to cross the railroad tracks. It was held that he was not entitled to the benefit of warning signals designed for travelers. The fact that the plaintiffs had been on the highway only

for a short distance did not deprive them of the protection of the statutes passed for the benefit of highway travelers.

The defendant argues that the plaintiffs violated the order of the resident engineer closing the new road, that this order had the effect of a statute and that on the reasoning in *Johnson* v. *Railroad*, 83 N. H. 350, it should be held that they were guilty of contributory fault as a matter of law. Without considering the nature and effect of the order, there are at least two answers to this position. Whatever fault the plaintiffs were guilty of in operating on the road under construction, it ceased when they reached the South Alexandria layout and was not effective or causal there. From that point it was merely a link in the chain of events leading up to the accident. Secondly, there is no evidence that the Legislature intended that the violation of the engineer's order should be the basis for civil liability or contributory fault. "It is the rule here that the violation of a penal statute is an actionable wrong only when the Legislature expressly so provides . . . , or when the purpose and language of the statute compel such inference. . . . " *Howson* v. *Company*, 87 N. H. 200, 204. See also, *Faselkis* v. *Company*, 93 N. H. 468, 473.

There was evidence from which it could be found that the defendant was causally at fault. After the accident the driver of the truck made the statement that he was there ten to fifteen minutes trying to hook the truck and compressor. No flares were put out although available. The lights on the truck did not comply with the statute, in that it had no red clearance lamps and that the amber lamps could have been placed three or four feet higher. The compressor was unlighted.

It also was for the jury to say whether the plaintiffs were guilty of contributory negligence. The plaintiff Everett testified that he approached the scene of the accident at about thirty-five miles an hour, that he had a visibility of seventy or eighty feet and that he could have stopped in thirty-five or forty feet. It is true that there was evidence of a brake mark leading to the Studebaker seventy feet long. However, an employee of the defendant testified that he looked for such marks and there were none. Everett watched a flashlight in the hands of the driver of the truck to his right as he approached but did not know what it signified. He did let up on the gas and put his foot on the brake. When he saw the unlighted compressor fifteen to twenty feet away, he immediately slammed on his brakes. The plaintiff Townes as a passenger could in the exercise of reasonable care take much less precaution than the driver. The jury could find that

he was reasonably ignorant of any danger; accordingly, he was under no obligation to warn his driver. *Hoen* v. *Haines*, 85 N. H. 36.

The defendant moved that certain evidence concerning the equipment of the truck for lights and the placing of flares be withdrawn and that the jury be charged that the truck had nothing to do with the accident since the collision was with the compressor and because of Mr. Everett's testimony that he never saw the truck. The reason that he did not see the truck may have been the absence of the statutory flares and the other lights. The defendant argues the evidence of lack of lights on the truck was limited to the issue of Mr. Everett's care. This was true at one time in the trial but at least at one other time during the testimony of Mr. Brown it was allowed by the Court generally. So far as warning to others is concerned, the purpose of the statutes with respect to lights including flares is to give notice of the motor vehicle, its load and an object in tow. In *Sokiera* v. *H. A. Jaeger, Inc.*, 12 N. J. Misc. 17, affirmed in 112 N. J. Law 500, it was decided that the jury should decide whether the lights on a truck and a steam shovel that projected over the side of a trailer, were sufficiently strong and properly located to give warning to a pedestrian who collided with the steam shovel. "Of course it was the duty of the defendant to give warning by proper lights of sufficient brilliance and volume and properly located on the apparatus as notice or warning of the approaching danger to one lawfully using the highway." *Id.* 19. In the present case the truck and compressor in tow were a unit. The statutes concerning lights and flares applicable to the truck were for the purpose of giving warning not only of the presence of the truck but also of that of the compressor, although the latter had become temporarily separated.

Other exceptions taken during the trial have not been briefed or argued and are deemed waived. *Walsh* v. *Company*, 92 N. H. 331.

*Judgments on the verdicts.*

MARBLE, C. J., was absent: the others concurred.