Hillsborough
No. 79-215

THE STATE OF NEW HAMPSHIRE

v.

ERNEST L. KELLEY

January 24, 1980

*Thomas D. Rath,* attorney general (*Peter W. Heed,* assistant attorney general, orally), for the State.

*Daniel W. O'Shaughnessy,* of Manchester, by brief and orally, for the defendant.

GRIMES, C.J. The issues before the court are whether the defendant, a convicted felon, was denied due process when he was convicted under RSA 159:3 of the offense of possessing a handgun without the State offering specific evidence that the weapon was not obtained in accordance with RSA 159:7, and whether the trial court's ruling that the defendant's prior convictions were admissible for impeachment improperly chilled his right to testify in his own behalf. We reject both claims.

This case is an appeal from criminal convictions in the Hillsborough County Superior Court. Although originally indicted by the grand jury for a variety of crimes, the defendant was ultimately convicted by a jury for the unauthorized taking of a firearm, RSA 637:3, :11 I(b), and simple assault, RSA 631:1. The defendant waived jury trial and was found guilty by the court on a charge of possession by a felon of a handgun not obtained in compliance with RSA 159:7, which requires a permit. RSA 159:3.

The events giving rise to these charges, as established at the trial by the victim, Clark Craig, Sr., Chief of the Antrim, New Hampshire Police Department, were as follows. On the evening of April 28, 1978, while on routine police patrol, the chief pursued a motor vehicle for a traffic violation. When the vehicle stopped, the chief got out of his car and approached the vehicle to obtain the driver's registration. While doing so, however, he was grabbed from behind by the defendant who threw the sixty-five-year-old chief to the ground, kneed him in the

back and ribs, took his revolver and fired three shots, one near the chief's ear and two near his feet. Between shots, the defendant beat the chief on the cheekbone with the weapon. Then, as another vehicle approached, the defendant fled with his brother, taking the chief's sidearm. The revolver was recovered the next day.

At the close of the State's case, the defendant presented no evidence. The court had denied defendant's motion to exclude evidence of his prior convictions. Defendant claims that he did not testify in his own behalf because of his knowledge that if he did so, his prior convictions would be used to impeach his testimony. Defendant's exceptions were transferred by *Cann*, J.

The defendant first argues that the charge of unauthorized possession of a handgun by a felon should have been dismissed because the State did not prove that the weapon was not obtained in accordance with RSA 159:7. The police chief's testimony at the trial, however, furnished ample evidence that the weapon was not obtained in accordance with the statute. RSA 159:7 requires that the felon obtain a permit signed by the police chief, or other appropriate official, of the town or city. Moreover, a permit so obtained is not a blanket authority to carry any handgun but is a specific authority which relates to the acquisition of a particular gun. Thus, it is clear that if the defendant took the weapon from the chief against his will, as the jury and judge found, the weapon could not have been obtained in conformity with RSA 159:7. *Cf. Durant v. United States*, 292 A.2d 157 (D.C. App. 1972), *cert. denied* 409 U.S. 1127 (1973). We need not, therefore, consider whether on different facts a defendant may be required to demonstrate that his possession of a firearm is authorized. *See, e.g., Commonwealth v. Jones*, 372 Mass. 403, 361 N.E.2d 1308 (1977); Annot., 69 A.L.R.3d 1054 (1976); *cf. McKelvey v. United States*, 260 U.S. 353 (1922); *State v. Keggon*, 55 N.H. 19 (1874).

The defendant's claim that he was denied due process by the failure of the trial court to exclude evidence of his prior convictions need not detain us. This question has been fully considered and decided adversely to the defendant in the case of *State v. Wayne J. Kelley*, decided this date. Accordingly, the conviction is affirmed.

*Exceptions overruled.*

DOUGLAS, J., dissents only with regard to the use of prior convictions for impeachment purposes as stated in his dissent in *State v. Wayne J. Kelley* decided this date; the others concurred.