Beal v. Bahan                           CV-94-526-JD  05/31/96

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Robert P. Beal

    v.                                     Civil No. 94-526-JD

G. Michael Bahan, et al.


O R D E R


The plaintiff, Robert P. Beal, brought this action against the defendants, G. Michael Bahan and NYNEX, seeking damages related to the procurement and execution of a warrant to search Beal's residence.  Before the court are the defendants' motions for summary judgment (document nos. 20 and 21).


Background

On June 20, 1994, Bahan, an investigator for the New Hampshire Attorney General's Office, obtained a warrant to search the plaintiff's home in Manchester, New Hampshire, for evidence that the plaintiff, a private investigator, had gained unauthorized access to a computer system in violation of New Hampshire Rev. Stat. Ann. § ("RSA") 638:17.  The warrant permitted Bahan to seize from Beal's residence a variety of computer equipment and computer-related items normally employed to permit unauthorized access to computer networks, as well as various items and documents related to Beal's business, including

rolodexes, day books and journals, notebooks, electronically printed paper, billing invoices, accounts receivable, accounts payable, corporate information, and data provided to subscribers of the plaintiff's information services.

In support of his application for a warrant, Bahan supplied a lengthy and detailed affidavit describing an investigation that commenced in 1990, when New England Telephone, NYNEX's predecessor, learned that Beal's agency was selling unpublished telephone listings. Bahan Affidavit in Support of Warrant ("affidavit 1"). The affidavit describes several occasions on which Warren Brown, a NYNEX security manager, acting in concert with federal and, later, state law enforcement agents, executed controlled purchases of unpublished telephone listings, toll records, and criminal records from the plaintiff. The affidavit indicates that the plaintiff was able to provide unpublished listings and toll records either by contacting an information service over the telephone or through "social engineering," a process through which outsiders gain access to NYNEX listings by telling NYNEX telephone operators that they are NYNEX employees. The affidavit also suggests that Beal obtained criminal records through a source at the Franklin, New Hampshire, police department. However, the affidavit does not contain any direct allegations that the plaintiff ever used his own computer to

2

access the NYNEX network or that of the Franklin police department, and reveals that federal authorities, who had ceased their investigation in 1993, had concluded that Beal was not obtaining information through "hacking." Affidavit 1, ¶¶ 49-52.

At 8 a.m. on June 23, 1994, Bahan and several state police officers executed the search warrant. Bahan enlisted Brown and Peter Schofield, another NYNEX employee, to assist in identifying any potentially incriminating evidence in the plaintiff's residence.

After the search began the plaintiff was ordered to stay away from the cellar of his home, where his office was located. The plaintiff left the premises and returned with his attorney, who, after first being denied access to the cellar, made his way downstairs and found Brown and Schofield in the plaintiff's office, where Brown was inspecting the plaintiff's files. The plaintiff's attorney demanded that the NYNEX employees' role cease, but his request was not heeded. The search continued, both in the office, where at least one state police officer was present at all times, and throughout the rest of Beal's residence. The search ended at approximately 11:30 a.m., by which time virtually all of the plaintiff's office equipment and records had been seized. Neither the plaintiff nor the plaintiff's counsel had an opportunity to inspect the items that

were seized.  The NYNEX employees also videotaped part of the search.

The plaintiff has not been charged with any crime involving a violation of RSA 638:17.  He brought this action alleging a variety of state and federal claims against Bahan and NYNEX arising out of the application for and execution of the search warrant.  In Count I, he claims that Bahan violated his rights under the Fourth, Fifth, and Fourteenth Amendments by making intentional misrepresentations under oath in obtaining a warrant, by ordering that he be removed from the interior of his home during the search, by directing NYNEX employees to search through and inspect his files, and by permitting them to inspect documents outside the scope of the warrant.  In Count II Beal alleges that the NYNEX employees, who knew that Beal had not violated RSA 639:17, violated his rights under the Fourth, Fifth, and Fourteenth Amendments by entering his house and searching his files without authorization, by inspecting documents and areas outside the scope of the warrant, and by instructing the police to seize records not described in the warrant.  Count III alleges that Bahan violated the plaintiff's state law rights under Part I, Article 19 of the New Hampshire Constitution, committed a fraud on the plaintiff by failing to identify certain members of the search team as NYNEX employees, invaded the plaintiff's

4

privacy by publicly portraying him in a false light, and, in lying in support of his application for a search warrant, committed a felony for which the plaintiff is entitled to compensation. Count IV alleges that NYNEX employees communicated false information to the New Hampshire Attorney General's Office, committed a fraud by failing to identify themselves at the search, committed the tort of intrusion, and violated RSA 644:9 by videotaping the search and RSA 635:2 by entering the plaintiff's property without proper authorization.

## Discussion

Summary judgment is appropriate when material facts are undisputed and the moving party is entitled to judgment as a matter of law. Rodriguez-Garcia v. Davila, 904 F.2d 90, 94 (1st Cir. 1990) (citing Fed. R. Civ. P. 56(c)). The burden is on the moving party to establish the lack of a genuine, material factual issue, Finn v. Consolidated Rail Corp., 782 F.2d 13, 15 (1st Cir. 1986), and the court must view the record in the light most favorable to the nonmovant, according the nonmovant all beneficial inferences discernable from the evidence. Caputo v. Boston Edison Co., 924 F.2d 11, 13 (1st Cir. 1991). However, once the movant has made a properly supported motion for summary judgment, the adverse party "must set forth specific facts

5

showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986) (citing Fed. R. Civ. P. 56 (e)).

The court addresses the defendants' motions for summary judgment as they relate to the plaintiff's individual claims.

## I. Federal Claims Against Bahan In Count One

### A. False Statements and Material Omissions in Support of the Search Warrant

The plaintiff alleges that Bahan made false statements and material omissions in support of his application for a search warrant, and that Bahan's misrepresentations violated the Fourth Amendment and thus give rise to an action under 42 U.S.C. § 1983. See Franks v. Delaware, 438 U.S. 154 (1978) (finding of probable cause invalid if based on material misrepresentations); Krohn v. United States, 742 F.2d 24, 26 (1st Cir. 1984) (recognizing civil action based on Franks violation). In support of his motion for summary judgment on the plaintiff's Franks claim, Bahan has submitted a copy of the search warrant, including affidavit 1 which he prepared in support of his warrant application, along with an affidavit he prepared in connection with this lawsuit ("affidavit 2").

Plaintiff asserts that Bahan gave oral testimony under oath to the state district court judge ("district court") to the

6

effect that the plaintiff used his computer and modem to access NYNEX data banks. Bahan in affidavit 2 denies that he provided any oral testimony to the district court. While there is parenthetical language in what appears to be a standard warrant form that oral statements under oath were given, plaintiff's assertion concerning the content of any such statements is at best conjectural. The plaintiff has been unable to produce the judge's notes or other concrete evidence concerning the content of those statements. See RSA 595-A:4. Plaintiff's counsel represents in his brief in opposition to the motion for summary judgment at p. 21 that he was informed by the district court that Bahan had not provided any of his "personal knowledge" by oral testimony. In light of this representation by plaintiff's counsel and Bahan's statement in affidavit 2 that he gave no oral testimony, it appears likely the district court may have overlooked crossing out the parenthetical reference to oral statements on the standard warrant form. The plaintiff's conjectural assertions concerning Bahan's oral testimony are insufficient to generate a disputed issue of material fact.

Bahan presented the district court with a very detailed affidavit. As part of the representations he made in the affidavit, he stated that FBI Special Agent Robert Keane informed him on April 28, 1993, that the plaintiff had not obtained non-

7

published numbers and telephone toll records through hacking but through fraud. Affidavit 1, ¶ 49. When the justice department decided to close the case because it did not meet certain prosecutorial guidelines, it had yet to be determined if the plaintiff obtained non-published numbers by means of social engineering. Affidavit 1, ¶ 50. When the federal investigation ended, Keane said he had not yet determined how or from whom the plaintiff obtained telephone toll records although the plaintiff obtained most of his information from computer databases. Affidavit 1, ¶ 52. Bahan also states in affidavit 2 that NYNEX employees did not tell him that the plaintiff was or was not gaining access to the NYNEX database through his computer. Affidavit 2, ¶ 8.

Affidavit 1 was detailed and complete. It contained the investigative history of the case up to the time the search warrant was applied for. Bahan did not represent to the district court that the plaintiff was hacking. The affidavit makes it clear that it was not known how the plaintiff was obtaining toll records from NYNEX. The affidavit does state that an individual involved in computer fraud and long distance toll fraud normally employs certain equipment listed in the affidavit. Affidavit 1, ¶ 94.

The court finds that the plaintiff has failed to generate a material factual dispute over whether Bahan made material misrepresentations or omissions in affidavit 1 and misled the district court.

B.  Probable Cause for Issuance of the Search Warrant

The plaintiff claims that there was no probable cause for the issuance of the search warrant.  In St. Hilaire v. City of Laconia, 71 F.3d 20, 28 (1st Cir. 1995), petition for cert. filed, 64 U.S.L.W. 3706 (1996), the court states:

> Whether or not there was probable cause for the warrant, defendants are entitled to qualified immunity unless "the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable."  Malley v. Briggs, 475 U.S. 335, 344-345, 106 S. Ct. 1092, 1098, 89 L.Ed.2d 271 (1986).

Bahan's affidavit must be viewed at least in part in the context of the law defining the criminal offense which he was investigating.  RSA 638:17, I, II, and IV define the computer-related criminal offenses for which Bahan believed probable cause existed for the issuance of a warrant.  RSA 638:17 states in relevant part:

> I.  A person is guilty of the computer crime of unauthorized access to a computer system when, knowing that he is not authorized to do so, he knowingly accesses or causes to be accessed any computer system without authorization.

> * * *

9

II. A person is guilty of the computer crime of theft of computer services when he knowingly _accesses or causes to be accessed or otherwise uses or causes to be used_ a computer system with the purpose of obtaining unauthorized computer services.

* * *

IV. A person is guilty of the computer crime of misuse of computer system information when:

(A) As a result of his a_ccessing or causing to be accessed_ a computer system, he knowingly _makes or causes to be made_ an unauthorized display, use, disclosure, or copy, in any form, of data residing in, communicated by, or produced by a computer system.

(Emphasis supplied). It is evident that the broad language of the statute applies to the actions of any individual who directly or indirectly gains unauthorized access to a computer system or its data.

The parties view and interpret the array of facts relating to the issuance of the warrant differently. While in some instances there are disputed facts, the court finds that there are no genuine issues of material fact in dispute. The plaintiff has viewed the facts from a perspective that is consistent with his claim of innocence while Bahan has viewed the facts from the perspective of an investigator who concluded they constituted probable cause to believe criminal offenses had been committed. As long as he was acting in an objectively reasonable manner, Bahan was entitled to bring his knowledge and experience to bear in interpreting the facts of which he was aware. Bahan states in

10

affidavit 1 that he did bring his knowledge and experience to bear.  While the plaintiff challenges this assertion, he has not produced evidence to successfully refute it.  Taking into account the statute in question and the factual information that Bahan had available to him, the court finds that the affidavit in support of the warrant contained reasonable indicia of probable cause and that Bahan's belief that he had probable cause was objectively reasonable.  Therefore, Bahan is entitled to qualified immunity in connection with obtaining the search warrant and acting pursuant to it.

C.  <u>Conduct of the Search and Seizure</u>

The plaintiff bases his unreasonable search and seizure claims against Bahan on his assertions that Bahan (1) ordered him away from the premises and directed the NYNEX employees to search his office; and (2) ordered the NYNEX employees to inspect confidential files in the plaintiff's office, including documents that were outside the scope of the search warrant.  Bahan argues that summary judgment is warranted on the remainder of the plaintiff's federal claims against him because he is entitled to qualified immunity and, in any event, because he did not violate the plaintiff's rights.

While the plaintiff in his affidavit (Beal affidavit, ¶¶ 15-19) claims that Bahan ordered him out of his house, Bahan in

11

affidavit 2, ¶ 12, contradicts this. This dispute is not material because even under the plaintiff's version of the facts, the plaintiff did not have a clearly established right to be present at the time of the search or to inspect the items seized. The Supreme Court has held that the right to search for contraband pursuant to a valid warrant includes the right to detain a resident of the place to be searched, Michigan v. Summers, 452 U.S. 692, 701-05 (1981). Those executing a warrant have a legitimate interest not only in their own safety but also in their ability to complete the search without interference by the occupant or by his attorney. To the extent that the plaintiff was instructed to remain outside the residence while it was being searched, the incursion on his liberty was far less intrusive than if he had been detained in a police car or at the police station. Indeed, the plaintiff was at liberty to leave, as he in fact did, to visit his minister and attorney, and to return later with his attorney. The plaintiff has cited no case that supports his contention that he had a right to be present during the execution of the search warrant and the court has not found any federal case law standing for the proposition that a suspect has a clearly established right to be present during the search of his home. Accordingly, the court finds that defendant Bahan's behavior was objectively reasonable under federal law at

12

the time and under the circumstances of the action at issue, see, e.g., Ranieri v. Hillsborough County Dep't of Corrections, No. 93-118-JD, slip. op. at 13 (D.N.H. Jan 9, 1996) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

Bahan's enlistment of two NYNEX employees to assist with the search does not constitute a violation of the plaintiff's Fourth Amendment rights. The undisputed record indicates that Bahan invited Brown and Schofield to participate in the search because of the expertise they could provide in identifying inculpatory evidence. RSA 595-A:9 provides that "an officer executing a search warrant may take with him suitable assistants and suffer no others to be with him." Because of the expertise Brown and Schofield possessed, they were qualified as "suitable assistants" under the statute, and therefore Bahan acted properly in requesting them to assist him in executing the warrant. The plaintiff has failed to rebut the testimony in affidavit 2 on this matter with anything except conclusory allegations. Cf. United States v. Clouston, 623 F.2d 485, 486-87 (6th Cir. 1980) (reversing district court's finding that presence of phone company employees rendered search unconstitutional where employees were present pursuant to 18 U.S.C. § 3105 in aid of officers authorized to search for electronic devices pursuant to search warrant).

13

It is evident from a review of the warrant in this case that it is quite broad. The First Circuit has recognized that "seizing business records in a fraud investigation presents special problems" and that "especially difficult is the case where the files contain a mixture of `bad' material (supported by probable cause) and `innocent' material." United States v. Diaz, 841 F.2d 1, 6 (1st Cir. 1988). Warrants of this nature are often acceptably broad by necessity and agents executing them may need to defer to the greater legal knowledge of a judge or magistrate in order to know where to "draw the line." Id. Computer fraud presents even greater difficulty because files can be generated and stored on disks or in a memory and there is a variety of equipment ancillary to the computer that can be used in connection with the fraud. While the plaintiff and Bahan disagree over whether attorney-client materials were actually seized, the plaintiff has failed to generate a genuine issue of material fact concerning whether Bahan and his assistants acted unreasonably, even if it is assumed that some attorney-client materials were seized, given the nature of the charge and the breadth of the warrant they were executing.

The court finds that Bahan's conduct in executing the warrant was objectively reasonable and therefore he is entitled to qualified immunity.

14

Bahan's motion for summary judgment is granted as to count one.

II.  Federal Claims Against NYNEX in Count Two

In count two, the plaintiff claims that NYNEX employees Brown and Schofield orchestrated and participated in the state's investigation of the plaintiff, knowing that he was not using his own computer to violate RSA 638:17, in order to put him out of business, and further claims they participated in an unauthorized search of his premises which also exceeded the scope of the warrant.  NYNEX argues that it is entitled to summary judgment on the ground of qualified immunity because its employees were performing a public function by assisting with the investigation and because a reasonable official in their position would not have understood that his conduct violated the plaintiff's clearly established rights.

The First Circuit has recognized that in some circumstances private actors who act under color of state law, and thus are subject to liability under 42 U.S.C. § 1983, may also enjoy qualified immunity.  In Rodriques v. Furtado, 950 F.2d 805 (1st Cir. 1991), the court held that qualified immunity was available to a private physician who performed a vaginal cavity search pursuant to a search warrant.  In reaching its conclusion, the

15

court noted that the physician was not acting out of self-interest but, rather, had been pressed into service by the state, and that granting the physician qualified immunity for his actions would be consistent with public policy. Id. at 815; accord Frazier v. Bailey, 957 F.2d 920, 928-29 (1st Cir. 1992) (social workers under contract with government to perform duties statutorily required of state entitled to qualified immunity). However, in Felix de Santana v. Velez, 956 F.2d 16 (1st Cir.), cert. denied, 506 U.S. 817 (1992), the First Circuit declined to extend qualified immunity to a defendant who allegedly conspired with an assistant district attorney to maliciously prosecute the defendant's co-worker. The Velez court distinguished Rodriques, noting that the defendant acted out of self-interest, and expressed a "hesitat[ion] to extend qualified immunity carte blanche to private defendants in malicious prosecution cases because of the potential abuses and consequences inherent in criminal prosecutions." Id. at 20.

Brown testifies in his affidavit that he is the staff manager of security for NYNEX and in June of 1994 held the same position with New England Telephone. Brown Affidavit ¶ 1. As part of his duties, he refers matters involving potential criminal activity to law enforcement authorities for investigation and prosecution. Brown Affidavit, ¶ 2. In 1993,

16

he presented information to Bahan, an investigator with the New Hampshire Attorney General's Office, concerning the plaintiff's "potential involvement in causing the unauthorized access of proprietary information contained in NYNEX data banks." Brown Affidavit, ¶ 3. Any work Brown did on the case was "at the request of and under the direction of" Bahan and all information provided by him to Bahan was "true and accurate" to the best of his knowledge and belief. Brown Affidavit, ¶ 4. Brown did not participate in preparing, reviewing or obtaining the search warrant. Brown Affidavit, ¶¶ 5, 6, 7. As noted above, Bahan was not told by NYNEX that the plaintiff was or was not hacking. Affidavit 2, ¶ 8. Furthermore, Bahan represented to the district court that the plaintiff obtained non-published numbers and telephone toll records through fraud and not through hacking. Affidavit 1, ¶ 49. As previously stated, Bahan's conclusion as to probable cause was based on the facts he set forth in affidavit 1 and his knowledge and experience.

The undisputed evidence indicates that neither Brown nor Schofield played any role in obtaining the search warrant. While the plaintiff makes conclusory statements that NYNEX falsely accused him of using his computer to enter NYNEX data banks in order to put him out of business, he has failed to generate a genuine issue of material fact on this claim. It is not disputed

17

that Brown and Schofield were pressed into service by Bahan to assist in executing the warrant, and the court has found, supra, that Bahan's actions in so doing did not constitute a violation of plaintiff's Fourth Amendment rights. Since the warrant in question was objectively reasonable and facially valid, the actions of Brown and Schofield in responding affirmatively to Bahan's request were objectively reasonable and not in violation of any clearly established law.

When the warrant was executed, Brown and Schofield at first were required to wait outside the premises for approximately one and one-half hours before being asked by Bahan to enter and provide assistance. Brown Affidavit, ¶ 11. Brown was directed to examine documents that had been located by law enforcement officers and Schofield was directed to examine certain equipment and wiring. Id., ¶¶ 11-12. Brown understood that the documents he was examining were within the scope of the warrant. Id., ¶ 11. Brown identified certain records that had potential interest to the Attorney General's Office but law enforcement officers made the final decision on which records to seize. Id., ¶ 15. Brown and Schofield acted under the direction of the Attorney General's Office at all times. Id., ¶ 13. Attorney Tefft in his affidavit testifies that he observed Brown reviewing files in a filing cabinet in the plaintiff's office and that several state

18

police officers examined and logged documents that were found. Tefft Affidavit, ¶¶ 10, 12, 14. The court finds that Attorney Tefft's observations are not inconsistent with what Brown has testified to in his affidavit.

The court relies on its previous rulings, supra, concerning the execution and scope of the search. The undisputed record reflects that Brown and Schofield were acting under the direction of Bahan and the law enforcement officers present. The plaintiff has failed to generate a genuine issue of material fact concerning the role of Brown and Schofield and the scope of the search as conducted by Brown and Schofield. Brown and Schofield acted in an objectively reasonable manner in performing their duties during the execution of the warrant and not in violation of any clearly established law.

Mindful of the chilling effect that declining to extend qualified immunity to NYNEX might have on private parties in a position to cooperate with the police, see Rodriques, 950 F.2d at 815, the court finds that NYNEX is entitled to qualified immunity against the plaintiff's federal claims. Defendant NYNEX's motion for summary judgment is granted as to count two.

19

III. State Claims Against Bahan in Count Three

   A. Constitutional Claim

   The plaintiff claims that the Bahan violated Part I, Article 19 of the New Hampshire constitution by orchestrating an unreasonable search of his residence and seizure of his possessions. However, this court repeatedly has declined to recognize an independent cause of action based on violations of the New Hampshire constitution without guidance from the New Hampshire Supreme Court. See, e.g., Kelley v. City of Manchester, No. 94-358-M, slip op. at 28 (D.N.H. Sept. 29, 1995) (no cause of action based on violation of state constitution's guarantees of free speech, free association, and due process); Penney v. Middleton, 888 F. Supp. 332, 342 (D.N.H. 1994) (equal protection); Kimball v. Somersworth, No. 90-477-M, slip. op. at 5-9 (D.N.H. Feb. 17, 1993) (due process; unreasonable search and seizure). The court finds these precedents persuasive and grants summary judgment to Bahan on the plaintiff's constitutional claim.

   B. Fraud

   Bahan argues that summary judgment is warranted on the plaintiff's fraud claim because it fails to state a cause of action. The plaintiff has not supplied and the court has not

20

found any authority for the proposition that an officer executing a search warrant must identify any assistants who are not law enforcement personnel, let alone the proposition that an officer's failure to disclose this information can form the basis for a fraud claim or any other cause of action. Accordingly, the court grants summary judgment on the plaintiff's fraud claim against Bahan.

C. <u>False Light Invasion of Privacy</u>

The New Hampshire Supreme Court has recognized in dicta that a person's privacy may be invaded when another person generates publicity that places him in a false light. <u>Hamberger v. Eastman</u>, 106 N.H. 107, 110, 206 A.2d 239, 241 (1964); <u>see also Robinson v. Caronia</u>, No. 92-306-B, slip op. at 20 (D.N.H. Jan. 4, 1996). Here, the plaintiff has failed to allege that Bahan publicly generated any information about the plaintiff, let alone that the information generated placed him in a false light. The plaintiff argues that the mere fact his residence was searched placed him in a false light in the community. However, the court declines to extend the false light tort to embrace such a situation, and grants summary judgment to Bahan on the plaintiff's false light claim.

21

D.  Compensation of Crime Victim

The plaintiff argues that he is entitled to compensation under RSA 21-M:8-h because is the victim of a felony, namely, Bahan's lying in a support of an affidavit for a search warrant in violation of RSA 641.  The argument is without merit.  Such a claim should be brought before the victim's assistance commission under RSA 21-M:8-g.  The court grants Bahan's motion for summary judgment on the plaintiff's claim under RSA 21-M:8.

IV.  State Claims Against NYNEX in Count Four

A.  Fraud

For the reasons discussed supra, the court grants summary judgment in favor of NYNEX on the plaintiff's fraud claim.

B.  Intrusion

Under New Hampshire law, a person can commit the tort of intrusion by invading another person's residence.  Hamberger, 106 N.H. at 107, 206 A.2d at 241.  However, liability only attaches if the invasion would be highly offensive to a reasonable person. See Restatement (Second) of Torts § 652A (1977)).  Here, the NYNEX employees entered and videotaped the plaintiff's home at the request of and to assist a law enforcement agent executing a valid warrant.  As a matter of law, such an invasion is not

22

unreasonable.  Accordingly, the court grants summary judgment to NYNEX on the plaintiff's intrusion claim.

C.  Violations of RSA 644:9 and RSA 635:2

Where, as here, a plaintiff alleges that the violation of a penal statute forms the basis for a cause of action, the court must consider whether the statute contains an express or implied right of action.  Everett v. Littleton Constr. Co., 94 N.H. 43, 46, 46 A.2d 317, 319 (1946); see also Marquay v. Eno, 139 N.H. 708, 713-14, 662 A.2d 272, 277 (1995).  Neither of the statutes cited by the plaintiff includes an express right of action based on a violation of the statute.  To the extent either statute provides an implied right of action, the court notes that neither prohibits conduct undertaken at the request of a law enforcement agent.  See RSA 635:2(I) (person guilty of criminal trespass if he enters or remains in a place knowing that he is not privileged or licensed to do so); id. 644:9 (prohibiting unlawful use of photographic device in private place).  Accordingly, the court grants summary judgment to NYNEX on the plaintiff's claims based on these statutes.

23

## Conclusion

The summary judgment motions filed by the defendants (document nos. 20 and 21) are granted.  There are no remaining claims.  The case is closed.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

May 31, 1996

cc:  Stanton E. Tefft, Esquire
     Stephen J. Judge, Esquire
     Peter W. Mosseau, Esquire
     James Caffrey, Esquire

24