[Cite as *State v. Bentley*, 2015-Ohio-5380.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2014-CA-150 |
| | : | |
| v. | : | Trial Court Case No. 14-CR-710 |
| | : | |
| RASHAAD BENTLEY | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of December, 2015.

. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Clark County Prosecutor's Office,
50 East Columbia Street, 4th Floor, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

MARK J. BAMBERGER, Atty. Reg. No. 0082053, Mark Bamberger Co., LLC, 140 East
Broadway Avenue, Tipp City, Ohio 45371
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Rashaad Bentley appeals from his conviction and sentence following a no-

contest plea in trial court case number 14-CR-710 to one count of heroin trafficking and

one count of having a weapon while under disability.

{¶ 2} Bentley advances two assignments of error. First, he contends the trial court erred in overruling a motion to suppress challenging the legality of a traffic stop that led to discovery of the evidence against him. Second, he alleges ineffective assistance of counsel based on his attorney's failure to "fully and completely" provide an argument in support of the suppression motion.

{¶ 3} From the transcripts in our record it is apparent that Bentley was charged in the trial court in three separate cases. He was indicted in trial court case number 14-CR-475 on charges of cocaine trafficking (with specifications), heroin trafficking (with specifications), cocaine possession (with a specification), heroin possession (with a specification), receiving stolen property (two counts), having a weapon while under disability, improper handling of a firearm in a motor vehicle, and evidence tampering. Bentley filed an October 27, 2014 suppression motion in case number 14-CR-475. Both parties assert that the trial court overruled that motion to suppress following an evidentiary hearing, the transcript of which has been submitted as part of our record. However, because this is an appeal of only 14-CR-710, we do not have the docket, or any of the filings in 14-CR-475.

{¶ 4} The transcripts also indicate that Bentley was also apparently indicted in trial court case number 14-CR-699 on one count of heroin possession (with a specification). But we have no docket, or documentation of that record.

{¶ 5} Finally, on November 5, 2014, Bentley was charged by bill of information in trial court case number 14-CR-710 (the subject of the present appeal) with one count of heroin trafficking (with a vicinity-of-a-juvenile specification and a forfeiture specification)

and one count of having a weapon while under disability. Bentley waived his right to prosecution by indictment and entered a no-contest plea to the two charges in case number 14-CR-710. The record reflects that he did so as part of a plea agreement that provided for his forfeiture of $705, the preparation of a PSI report before sentencing, and the dismissal with prejudice of the indictments in trial court case numbers 14-CR-475 and 14-CR-699. The trial court accepted the agreement and found Bentley guilty. At sentencing, the trial court imposed consecutive prison terms totaling eight and one-half years. It also ordered the forfeiture of $705, imposed a $7,500 fine, and advised Bentley of his post-release control obligation.

{¶ 6} On December 18, 2014, Bentley filed the present appeal solely from his conviction and sentence in trial court case number 14-CR-710. As noted above, however, his two assignments of error challenge the trial court's denial of his suppression motion in case number 14-CR-475, which was to be dismissed as part of the plea agreement and which is not before us.

{¶ 7} The charges in the bill of information to which Bentley pled no contest in case number 14-CR-710 admittedly involve the same underlying facts that led to the charges in case number 14-CR-475. Bentley has included in the record before us a suppression-hearing transcript from case number 14-CR-475 (although case number 14-CR-475 was dismissed, we have no indication it was separately appealed or consolidated with case number 14-CR-710 for appeal). The transcript reveals that police stopped Bentley's vehicle on July 11, 2014 for a perceived traffic violation, namely failing to signal when pulling away from the curb. After removing him from his vehicle in connection with the traffic stop, they discovered plastic bags of suspected heroin and a firearm in the car.

These facts led to at least some of the charges filed against Bentley in case number 14-CR-475. The prosecutor's recitation of the facts in case number 14-CR-710 demonstrates that the two charges in the bill of information stemmed from the same traffic stop. The prosecutor told the trial court that police made a traffic stop of Bentley's car on July 11, 2014 and, in the course of the stop, discovered more than five grams of heroin and a firearm under the driver's seat. (Plea Tr. at 7-8).

{¶ 8} In any event, the fact that the charges in case numbers 14-CR-475 and 14-CR-710 arose out of the same traffic stop does not mean the trial court's denial of Bentley's suppression motion in case number 14-CR-475 is properly before us in this appeal from his conviction and sentence following a no-contest plea to a bill of information in case number 14-CR-710. The plea deal in the present case provided for Bentley to plead no contest to a bill of information in case number 14-CR-710 containing two charges that were culled from the broader indictment against him in case number 14-CR-475. The record is devoid of an agreement by the State (assuming that it even could so agree) to allow Bentley to challenge the denial of his suppression motion in case number 14-CR-475 in this direct appeal in case number 14-CR-710.[1] Nothing in our record suggests that case numbers 14-CR-475 and 14-CR-710 were consolidated by the trial court below. Nor did we authorize Bentley to raise a suppression issue from case number 14-CR-475 in

---

[1] There was no reference to the motion to suppress issue at the time of the plea. The only reference to the suppression issue in the present case came from defense counsel at the completion of Bentley's sentencing on the two counts to which he pled no contest in case number 14-CR-710. After the trial court imposed sentence, defense counsel requested an appellate bond because he intended to appeal to have this court "look at" the suppression issue from case number 14-CR-475. (Disposition Tr. at 14). The trial court denied bond. (*Id.*).

this appeal from his no-contest plea to a bill of information in case number 14-CR-710. Finally, we note that the trial court did not rule from the bench following the suppression hearing, and the record before us does not even contain the trial court's decision in case number 14-CR-475 overruling Bentley's motion to suppress.

{¶ 9} For the foregoing reasons, we hold that Bentley cannot pursue his assignments of error addressing the suppression issue in case number 14-CR-475 in this appeal from his conviction and sentence in case number 14-CR-710 because the motion to suppress was not filed in that case, or was not raised as an issue in that case, or was not otherwise preserved in case 14-CR-710 for appellate review.[2] Accordingly, the two assignments of error are overruled.

{¶ 10} The judgment of the Clark County Common Pleas Court is affirmed.

---

[2] Parenthetically, however, we do note a potential issue (which neither party has addressed herein) concerning the traffic stop that led to discovery of the evidence against Bentley. During the suppression hearing in case number 14-CR-475, the State presented testimony that police stopped Bentley for a traffic violation, namely pulling away from the curb without signaling. (*See*, *e.g.*, Suppression Tr. at 30, 35). The State alleged that his failure to signal violated Springfield Codified Ordinance 331.14(A), which the State explained tracked the language of R.C. 4511.39 "verbatim." (*Id*. at 41). In *State v. Davidson*, 2d Dist. Montgomery No. 22442, 2009-Ohio-2319, this court concluded that a Dayton city ordinance, R.C.G.O. 71.31, which was "identical" to R.C. 4511.39, *did not* prohibit pulling away from a curb without signaling. *Id*. at ¶ 9, 15. We explained that signaling before pulling away from a curb was governed by a different Dayton ordinance, R.C.G.O. 72.05. *Id*. at ¶ 15. And R.C.G.O. 72.05 itself did not require a signal if no other vehicles were present. *Id*. at ¶ 15-18. Even assuming Springfield has an ordinance analogous to Dayton's R.C.G.O. 72.05, from the State's evidence at the suppression hearing the trial court would likely have concluded that the state failed to prove there was other traffic on the road. (Suppression Tr. at 40-41). Moreover, in *Davidson* we found the record supported an other-traffic conclusion. Therefore we did not address whether the police officer had a reasonable, though mistaken, belief that a traffic violation had occurred. *State v. Greer*, 114 Ohio App. 299, 303, 683 N.E.2d 82 (2d Dist. 1996). We express no opinion as to whether the foregoing observations, or any other facts subsequently revealed, might or might not entitle Bentley to relief in post-conviction proceedings. Those issues are not before us.

. . . . . . . . . . . . .

FROELICH, P.J., and DONOVAN, J., concur.

Copies mailed to:

Ryan A. Saunders
Mark J. Bamberger
Hon. Richard J. O'Neill